[No. B002988. Second Dist., Div. Four. Aug. 17, 1984.]

JOHN CALVIN COCHRAN et al., Plaintiffs and Appellants, v. ROBERT LINN, Defendant and Respondent.

COUNSEL

Hampton, Wilson & Earle, Robert L. Earle and Marc J. Poster for Plaintiffs and Appellants.

Wise & Nelson, Anthony F. Wiezorek and Richard P. Dieffenbach for Defendant and Respondent.

OPINION

**TITLE, J.**\*—Plaintiffs appeal from a summary judgment entered against them pursuant to a motion brought by defendant Robert Linn under Code of Civil Procedure section 437c, as well as the order of the trial court denying their motion to vacate said judgment and to permit the filing by plaintiffs of a second amended complaint.

### STATEMENT OF FACTS

Plaintiffs are the heirs of Donna Marie Cochran, who died after going on a diet which utilized a liquid protein called Super Pro Gest. While on the diet, she was under the medical supervision of her physicians, defendants Donald Grief and Edward A. Spencer. Defendant Robert Linn is also a physician, but concededly was not the decedent's physician and did not even know her. After filing their initial complaint, plaintiffs filed a first amended complaint against the manufacturer of Super Pro Gest, its distributors, and the two treating physicians mentioned above. Defendant Linn was brought into the action as one of the Does named in the first amended complaint for wrongful death.

---

\*Assigned by the Chairperson of the Judicial Council.

The first amended complaint essentially claims damages for the wrongful death of decedent arising out of the use of said Super Pro Gest liquid protein based upon the usual three theories of liability, namely, negligence, strict liability, and breach of express and implied warranties. A fourth count for medical malpractice is directed solely against defendants Grief and Spencer, and thus is of no concern on this appeal. While there are other general allegations, the gist of the cause of action based on negligence is that Super Pro Gest was a dangerous and untested liquid protein product which was so negligently produced, distributed, supplied, marketed, and tested by defendants as to cause the death of the decedent. The same allegations are essentially made in the cause of action based on strict liability, except that in lieu of alleging negligence, plaintiffs allege the product was defective in that it was a dangerous and hazardous product. The allegations of the third count based upon a breach of express and implied warranties are essentially the same as the other two counts, except that plaintiffs allege that there were express and implied warranties made that the product was a proper and safe one, and in fact was unsafe, dangerous, and defective, thus resulting in the death of the decedent.

Linn moved the court for a summary judgment pursuant to Code of Civil Procedure section 437c, and filed declarations by N. Denise Taylor, counsel for Linn, as well as Linn himself, in support of the motion. While plaintiffs filed points and authorities in opposition to the motion for summary judgment, they filed no counterdeclarations whatsoever.

The declarations of Taylor and Linn in support of the motion for summary judgment contain unequivocal statements of fact to the effect that Linn had never known or treated decedent before her death, did not participate in any way in the formulating, manufacturing or marketing of the Super Pro Gest liquid protein product and was not and had never been financially interested or involved with that product, its manufacture or marketing. As indicated above, no counterdeclarations of any kind were filed by plaintiffs.

On February 28, 1983, the trial court granted Linn's motion for a summary judgment. The judgment was filed and thus entered on May 10, 1983. On July 27, 1983, plaintiffs filed a motion to have the judgment vacated and to secure leave to permit the filing of a second amended complaint. This motion was denied on August 22, 1983. Plaintiffs filed a notice of appeal herein on September 20, 1983.

TIMELINESS OF APPEAL

As a threshold issue, Linn contends that the appeal from the summary judgment is untimely, that the order denying plaintiffs' motion to vacate the

judgment and to permit the filing of a second amended complaint is a non-appealable order, and thus this appeal must be dismissed.

As to the timeliness of the appeal from the summary judgment, under rule 2(a) of the California Rules of Court, except as otherwise provided by law, a notice of appeal must be filed within 60 days after service of written notice of entry of judgment, or within 180 days after the date of the entry of the judgment, whichever is the earliest. The date of entry of the summary judgment herein was the date on which the judgment was filed, namely, May 10, 1983. (Code Civ. Proc., § 668.5.) No written notice of entry of judgment was served on plaintiffs' counsel, although counsel for Linn mailed a copy of the *proposed* judgment to plaintiffs' counsel on March 23, 1983, some weeks before the entry of the judgment on May 10, 1983. ■ We cannot accept Linn's rather unique contention that even though the judgment was not entered until May 10, 1983, the premature service of a copy of the proposed judgment on March 23, 1983, somehow was effective notice of the entry of the judgment on May 10, 1983. Since the notice of appeal was filed on September 20, 1983, which was prior to the expiration of 180 days from the entry of the judgment, the notice of appeal was timely.

The motion by plaintiffs for an order to vacate the judgment and to permit the filing of a second amended complaint was based upon Code of Civil Procedure section 473. ■ While a denial of a motion to set aside a previous judgment is generally not an appealable order, in cases where the law makes express provision for a motion to vacate such as under Code of Civil Procedure section 473, an order denying such a motion is regarded as a special order made after final judgment and is appealable under Code of Civil Procedure section 904.1, subdivision (b). (See *Martin* v. *Johnson* (1979) 88 Cal.App.3d 595, 603-604 [151 Cal.Rptr. 816].)

It follows that the contention of Linn that the appeal must be dismissed is not well taken, and we will proceed to consider the appeal on the merits.

### The Granting of the Summary Judgment

The inquiry is whether any triable issue of fact remains after consideration of the declarations filed by Linn. We only consider the declarations filed by Linn because plaintiffs chose not to file any counterdeclarations. ■ Plaintiffs may not rely upon the allegations of their complaint in this case, but must, apart from their own pleadings, show by the declarations or affidavits that they have sufficient proof of the matters alleged in the first amended complaint to raise a triable question of fact in regard thereto. (*Cornelison* v. *Kornbluth* (1975) 15 Cal.3d 590 [125 Cal.Rptr. 557, 542

P.2d 981]; *Hayward Union etc. School Dist.* v. *Madrid* (1965) 234 Cal.App.2d 100, 120 [44 Cal.Rptr. 268].)

In their memorandum of points and authorities in opposition to the motion for summary judgment, in the motion to vacate the judgment and in their opening brief filed in this court, plaintiffs take the position that a diet book written by Linn and known as The Last Chance Diet, which was allegedly read by the decedent, was a cause of her death, and that in view of this it was error to grant the motion for summary judgment. In their above-mentioned memorandum of points and authorities, counsel for plaintiffs make the following statement: "The complaint in the instant action alleges, among other matters, that defendant Dr. Robert Linn, D.O., was negligent in that he was the author of the book, which advocated following a certain diet, which in turn caused the death of plaintiffs' decedent." However, this appears to have been either a negligent misstatement or a deliberate attempt to mislead the trial court, since an examination of both the original complaint and the first amended complaint reveals no such allegation. As a matter of fact, no mention whatsoever is made of any book written by Linn, the only allegations against Linn of any substance being the allegations to the effect that the defendants, including Linn as one of the Does, manufactured, supplied, sold and distributed the Super Pro Gest liquid protein which proximately caused decedent's death. In view of this, we need not reach any issue as to whether the negligent writing of such a book might conceivably give rise to a cause of action against Linn. While it is true that Linn has conceded in documents filed in the trial court and in his respondent's brief herein that said book was indeed written by Linn, we consider all of such discussions by plaintiffs and Linn to be irrelevant and of no moment on this appeal, since we must look only to the allegations in the pleadings themselves in a summary judgment motion to determine whether any triable issue of fact remains in the case after a consideration of the declarations filed by the parties.

■ The burden of a party moving for a summary judgment is only to negate the existence of triable issues of fact in a fashion that entitles it to judgment on the issues raised by the pleadings. The moving party need not ". . . refute liability on some theoretical possibility not included in the pleadings." (*IT Corp.* v. *Superior Court* (1978) 83 Cal.App.3d 443, 452 [147 Cal.Rptr. 828].) The only viable claim against Linn under the allegations of the first amended complaint is that he either manufactured, supplied, sold or distributed the liquid protein known as Super Pro Gest. The declarations filed on behalf of Linn are unequivocal in clearly and specifically stating that Linn had no connection whatsoever with this product. No declarations to the contrary were filed by plaintiffs. As pointed out by the trial court in its ruling on the summary judgment motion, by failing to file any

counterdeclarations, plaintiffs have failed to connect Linn with the death of the decedent in any way. We perceive this statement to mean not only that the issue of causation was precluded, but that there could be no liability on the part of Linn because he had no connection whatsoever with the complained about product, that he did not breach any duty to the decedent, and was in no way causally connected with her death. Since the causes of action against Linn were all bottomed upon the Super Pro Gest product itself, it is apparent that this would leave no triable issue of fact in the case. It thus follows that the trial court properly granted the summary judgment.

### THE MOTION OF PLAINTIFFS TO VACATE THE SUMMARY JUDGMENT AND PERMIT THE FILING OF A SECOND AMENDED COMPLAINT

Plaintiffs' motion to set aside the summary judgment and to be permitted to file a second amended complaint was based upon the provisions of Code of Civil Procedure section 473. As applied to this case, such a motion requests relief from the summary judgment based upon mistake, inadvertence, surprise, or excusable neglect, and is addressed to the court's sound discretion. Thus the issue becomes whether or not the trial court abused its discretion in denying plaintiffs' motion.

"It is axiomatic that a motion for relief under section 473 is addressed to the sound discretion of the trial court. The exercise of that discretion will not be disturbed on appeal absent a clear showing of abuse. More importantly, the discretion to be exercised is that of the trial court, not that of the reviewing court. Thus, even if the reviewing court might have ruled otherwise in the first instance, the trial court's order will not yet be reversed unless, as a matter of law, it is not supported by the record. (*Coyne* v. *Krempels*, 36 Cal.2d 257, 263 [223 P.2d 244].)" (*Martin* v. *Johnson, supra*, 88 Cal.App.3d at p. 604.)

The thrust of plaintiffs' argument that the court erred in denying plaintiffs' motion apparently is that certain information came to the attention of their counsel subsequent to the granting of the summary judgment which indicated that Linn might be liable for decedent's death by virtue of the diet advocated by him in his book. However, the record before us demonstrates that the bulk of this information was in the hands of counsel for plaintiffs months before the motion for summary judgment was made and granted. No purpose would be served in elaborating on the various items which plaintiffs contend came to them by way of information after the granting of

the summary judgment. However, one example is indicative of the speciousness of this position. Plaintiffs filed a declaration by their counsel in support of the motion to vacate in which counsel stated that subsequent to the granting of the summary judgment, they took the deposition of a doctor in which it was indicated that information concerning the death of persons using the diet advocated in Linn's book had become known in 1977, and that further information in this regard was contained in the report of a governmental agency in 1979. However, in opposing a motion for a summary judgment granted in favor of a coauthor of Linn's book several months before the filing of the summary judgment motion on behalf of Linn, plaintiffs made reference to many similar allegations which plaintiffs now contend they learned about after Lynn's summary judgment was granted. In addition, some months prior to the granting of the Linn summary judgment, counsel for plaintiffs stated in declarations that they had in their possession reports of such deaths from various governmental agencies. Assuming but not deciding that all of this information had some relevance to any potential claim against Linn, it appears in a nutshell that no new information of any consequence had come to the attention of plaintiffs' counsel subsequent to the granting of the summary judgment in favor of Linn. Further, even assuming that this were the case, no showing was made whatsoever by plaintiffs that the failure to secure this information was the result of excusable neglect as required by Code of Civil Procedure section 473.

■ Mere neglect or negligence is not a sufficient ground for relief under section 473. On the contrary, the neglect or mistake on the part of counsel must be *excusable*. (*Martin* v. *Johnson, supra,* 88 Cal.App.3d at p. 604, 605.) In its minute order denying the motion to vacate Linn's summary judgment, the trial court pointed out that plaintiffs' counsel were relying on the fact that they were negligent in preparing their case, and that no good cause had been shown which would permit relief under Code of Civil Procedure section 473.

There being no showing that would demonstrate excusable neglect, the trial court was completely justified in refusing to vacate the summary judgment. There being no abuse of discretion, it is not a function of this court to substitute our discretion for that of the trial court. (*Coyne* v. *Krempels, supra,* 36 Cal.2d at p. 263.)

Since the denial of the motion to vacate the summary judgment must stand, there would, of course, be no basis on which plaintiffs could contend that they were entitled to file a second amended complaint.

## Disposition

The judgment of the trial court granting summary judgment in favor of Linn is affirmed. Its order denying plaintiffs' motion under Code of Civil Procedure section 473 is affirmed.

McClosky, Acting P. J., and Arguelles, J., concurred.