[No. G011930. Fourth Dist., Div. Three. Jan. 23, 1992.]

LARRY MINK et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
ARNEL DEVELOPMENT COMPANY, INC., Real Party in Interest.

COUNSEL

Davis, Digrazia & Balmuth and Robert C. Balmuth for Petitioners.

No appearance for Respondent.

Gorelick, Beaman & Harpst and Larry G. Beaman for Real Party in Interest.

OPINION

WALLIN, J.—Larry Mink, Charles Wentworth and Penelope Wentworth (collectively Mink and Wentworth) petition for a writ of mandamus ordering the superior court to grant their motions for reconsideration of, and relief from, its order granting summary adjudication and dismissing several causes of action on the grounds they were time barred. After the dismissal, Mink and Wentworth discovered that because of an intervening weekend and court holiday the complaint was timely filed. We grant the writ.

Mink and Wentworth are some of the plaintiffs in an action against Arnel Development Company, Inc., the developer of the tract including Mink's and Wentworth's homes in the City of Orange. The underlying complaint was filed on January 20, 1987. A notice of completion for the development was filed on February 1, 1977. Certificates of final inspection for the tract were filed by the city on January 31, 1977, and February 22, 1977. Code of Civil Procedure section 337.15[1] provides that an action for damages to real property against the developer of the property must be filed within 10 years after the earlier of the date of final inspection, the date of recordation of a valid notice of completion, or the date of use or occupancy. (§ 337.15, subd. (g).)

Having discovered that the final inspections on the Mink and Wentworth homes were conducted by the city on January 17, 1977, Arnel moved for summary judgment on the ground the action was barred by the 10-year statute of limitations which ran on January 17, 1987, 3 days before the complaint was filed. Mink and Wentworth opposed the motion contending the statute began to run on the date the certificate of final inspection was filed, January 31, 1977, not the date the city conducted the inspection. The trial court disagreed and dismissed all but the nuisance causes of action.

One week later Mink and Wentworth filed a motion for reconsideration (§ 1008) and one month later filed a motion for relief from the judgment on

---

[1]All statutory references are to the Code of Civil Procedure.

the basis of mistake, inadvertence or excusable neglect (§ 473). After the motion for summary adjudication had been ruled upon, Mink and Wentworth's attorney discovered that January 17, 1987, was a Saturday, and the following Monday, January 19, was a court holiday in celebration of Martin Luther King, Jr.'s Birthday. As a result, the last day to file suit was Tuesday, January 20, 1987, the date it was filed. (§§ 10, 12, 13, 13b.) The trial court denied the motions concluding the fact that a weekend and court holiday intervened to keep the statute of limitations from running was not newly discovered evidence nor was counsel's failure to discover these facts before the hearing on the summary adjudication motion excusable.

I

■ "[T]he purpose of a summary judgment is to expedite litigation by avoiding needless trials. [Citation.] Yet, this summary procedure is drastic and should be used with caution so that it does not become a substitute for the open trial method of determining facts. [Citations.]" (*Thai* v. *Stang* (1989) 214 Cal.App.3d 1264, 1270 [263 Cal.Rptr. 202], internal quotation marks omitted.) ■ Both a motion for new trial under section 1008 and a motion for relief from the judgment under section 473 are appropriate means for seeking trial court relief from an order granting summary judgment or adjudication. (See 214 Cal.App.3d at p. 1274; *Cochran* v. *Linn* (1984) 159 Cal.App.3d 245, 251 [205 Cal.Rptr. 550].)

■ Section 1008 allows the trial court to reconsider and modify, amend or revoke its prior order when the moving party shows a different state of facts exists. "An order denying a motion for reconsideration is interpreted as a determination that the application does not meet the requirements of section 1008. If the requirements have been met to the satisfaction of the court but the court is not persuaded the earlier ruling was erroneous, the proper course is to grant reconsideration and to reaffirm the earlier ruling." (*Corns* v. *Miller* (1986) 181 Cal.App.3d 195, 202 [226 Cal.Rptr. 247].) "[T]he party seeking reconsideration must provide not only new evidence but also a satisfactory explanation for the failure to produce that evidence at an earlier time." (*Blue Mountain Development Co.* v. *Carville* (1982) 132 Cal.App.3d 1005, 1013 [183 Cal.Rptr. 594].)

■ The trial court denied Mink and Wentworth's motion for reconsideration concluding there was not an adequate explanation for their failure to produce the evidence of the intervening weekend and court holiday. In these circumstances the error was excusable.

The focus of the summary adjudication motion was the date which triggered the statute. All of the parties were operating under the assumption

that if the statute was triggered on the date the city conducted its final inspection, January 17, 1977, it ran on January 17, 1987. We assume the summary adjudication motion was brought in good faith and that Arnel also inadvertently overlooked the intervening weekend and court holiday when it represented to the court that the statute of limitations ran on January 17, 1987. Arnel is in no position to argue that the same mistake, when made by its adversary, is inexcusable. Had Mink and Wentworth made the discovery of the intervening weekend and court holiday before the summary adjudication motion was heard and brought it to the court's attention, Arnel may well have been subject to sanctions for a frivolous motion. In such a circumstance, its only defense would have been that it was reasonable for it to have overlooked the intervening weekend and court holiday. Both parties should have simply acknowledged their mutual error and Arnel conceded the statute had not run. There was an adequate excuse for not discovering the new facts and the trial court abused its discretion.

Furthermore, as a matter of law the new facts presented were sufficient to require the trial court to reconsider its ruling on the summary adjudication motion and ultimately to revoke its prior order. Regardless of the adequacy of counsel's excuse for not discovering the true facts earlier, the effect of the trial court's ruling was to dismiss Mink and Wentworth's potentially meritorious causes of action as barred by the statute of limitations even though the statute had not run. Such a ruling does nothing to advance the interests of justice.

## II

Mink and Wentworth are similarly entitled to relief under section 473 which permits the trial court to "relieve a party . . . from a judgment, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." While the motion lies within the sound discretion of the trial court, "the trial court's discretion is not unlimited and must be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice." (*Elston* v. *City of Turlock* (1985) 38 Cal.3d 227, 233 [211 Cal.Rptr. 416, 695 P.2d 713], internal quotation marks omitted.) The law strongly favors trial and disposition on the merits. Therefore, any doubts in applying section 473 must be resolved in favor of the party seeking relief. When the moving party promptly seeks relief and there is no prejudice to the opposing party, very slight evidence is required to justify relief. We will more carefully scrutinize an order denying relief than one which permits a trial on the merits. (38 Cal.3d 227.)

Mink and Wentworth's counsel asserted his mistake in discovering that the statute of limitations had not run because of the intervening weekend

and court holiday was an excusable mistake entitling them to relief. Given that the effect of the court's ruling was to dismiss a timely filed cause of action as untimely, we agree.

Furthermore, Arnel cannot say it was in any way prejudiced by the discovery of these facts after the summary adjudication was granted. The action is continuing as to all the remaining plaintiffs on the causes of action which these plaintiffs were barred from pursuing. These plaintiffs continue to have their nuisance cause of action. Granting the motions would simply have allowed these plaintiffs to continue causes of action which should never have been dismissed in the first place. ██ "Reversal of an order denying relief is appropriate where the effect of the order is to 'defeat, rather than to advance the ends of justice.' " (38 Cal.3d at p. 236.) ██ The trial court abused its discretion in denying the petitioners' section 473 motion.

Mink and Wentworth petitioned for a peremptory writ of mandate. An invited response was received from the real party in interest. Issuance of an alternative writ would not assist our resolution of this matter and would cause unnecessary delay. A peremptory writ in the first instance is appropriate. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing respondent court to grant petitioners' motions for relief from its order (§ 473) and for reconsideration of its order (§ 1008) and to vacate its prior order granting summary adjudication.

Sills, P. J., and Sonenshine, J., concurred.