49 Cal.App.4th 1152 (1996)
ELENE KALIVAS, Plaintiff and Appellant,
v.
BARRY CONTROLS CORPORATION, Defendant and Appellant.
Docket No. B083667.
Court of Appeals of California, Second District, Division Three.
October 1, 1996.
*1154 COUNSEL
Michael L. Stern and Susan A. Rodriguez for Plaintiff and Appellant.
Sonnenschein, Nath & Rosenthal, Lee T. Paterson and Leonora M. Schloss for Defendant and Appellant.
OPINION
KITCHING, J.
In this case, the trial judge promulgated a "courtroom local rule" that applied solely to cases in that judge's courtroom. This courtroom local rule, however, conflicted with the Code of Civil Procedure and the Government Code, was procedurally confusing, and led appellant's counsel to believe the court had taken a summary judgment motion off calendar. Counsel, therefore, filed no opposition or separate statement, and did not appear at the hearing on the motion. The trial court granted summary judgment, in part, based on these omissions, and denied a motion for reconsideration. We find counsel's procedural omissions were excusable and resulted from an impermissible courtroom local rule. Accordingly, we reverse.

*1155 FACTUAL AND PROCEDURAL BACKGROUND
Elene Kalivas appeals from the summary judgment entered against her and in favor of defendant Barry Controls Corporation (Barry) in Kalivas's action for gender discrimination and discrimination on account of pregnancy in violation of the California Fair Employment and Housing Act (Gov. Code, §§ 12940, 12945), wrongful termination in violation of public policy, and breach of the covenant of good faith and fair dealing, and from an order after judgment awarding costs to Barry. Barry cross-appeals from an order denying its motion for an award of attorney fees under Government Code section 12965, subdivision (b). The trial court denied Kalivas's subsequent motion for reconsideration.

PROCEDURAL HISTORY
Barry filed its motion for summary judgment on July 28, 1993. A hearing on the motion was calendared for September 10. On August 6, after a discovery hearing, Barry's counsel informed the court of the summary judgment motion and handed a copy of the motion to Kalivas's counsel. The court then asked Kalivas's counsel if he would be opposing the motion, and he said yes.
What happened next is subject to conflicting accounts presented by the parties in Kalivas's subsequent reconsideration motion. According to the declaration filed by Kalivas's counsel, "The Court then stated ... `I'll save you a trip back down here' and issued and provided to counsel for both parties its standard Order Re Opposed Motion for Summary Adjudication.... The Court Clerk handed [Kalivas's counsel] two copies of said Order[.]"[1]
Counsel's declaration further stated that on the basis of the court's "Order Re Opposed Motion for Summary Adjudication," he prepared for a meeting *1156 with counsel for Barry. Barry's counsel made no effort to arrange a "meet and confer" within 10 days. Kalivas's counsel declared he did not prepare and file an opposition because before such opposition was due, the court ordered the matter off calendar and ordered the parties to prepare a joint statement of disputed and undisputed issues. Counsel further declared he did not appear on September 10, the date originally scheduled for a hearing on the summary judgment motion, because the "Court had ordered defendant's motion off calendar pending a meet and confer. No meet and confer was ever scheduled." Counsel declared that on August 27, Barry's counsel left a telephone message requesting a "meet and confer" regarding the summary judgment motion. The following week Kalivas's counsel returned the call and was informed that Barry's counsel was on vacation. Kalivas's counsel left a message that he was calling regarding the summary judgment motion, but received no further communication from Barry's counsel.
Kalivas's counsel declared that when he received the notice of ruling that the court had granted summary judgment, he asked Barry's counsel to stipulate to a motion for reconsideration and a rehearing in accordance with the procedures in the August 6 order. Barry's counsel refused and opposed the motion for reconsideration.
Barry's counsel also filed a declaration setting forth his recollection of what the court told the parties regarding the hearing on the summary judgment. His declaration contains conflicting statements about whether the court took the summary judgment motion off calendar. Counsel stated: "The Court then asked [Kalivas's counsel] if he intended to oppose the motion [for summary judgment]. [Kalivas's counsel] indicated that he did intend to oppose the motion, and the Court then told the parties that the September 10 motion date would be vacated and that the parties would be ordered to meet and confer regarding the Motion. The Court instructed the clerk to provide counsel with an example of an order which would be issued to allow the parties `to get a head start' on the meet and confer process. At no time did the Court order that the September 10 motion date be vacated, and the copy that *1157 was provided to the parties contained no reference to the instant case." (Italics added.)
On September 10, Barry's counsel appeared at the hearing on the summary judgment motion. Kalivas's counsel did not appear. The trial court granted summary judgment in favor of Barry on the merits, and for the "further reason" that Kalivas's filed no opposition and no separate statement of facts.
Two days after Kalivas's counsel received notice of the grant of summary judgment, he filed a motion for reconsideration on the ground that even though the trial court took the motion off calendar and ordered the parties to meet and confer, counsel for Barry had not complied with that order. The motion for reconsideration did not include a separate statement or opposition to the summary judgment motion. The court denied the motion for reconsideration and stated: "This court never removed the [M]otion for Summary Judgment from calendar (see minute order of August 6, 1993), and thus considered the motion on the merits but without opposition. No grounds to reconsider."
Summary judgment was entered on February 24, 1994, and Kalivas filed a timely appeal. Barry thereafter filed a motion for costs and attorney fees pursuant to Government Code section 12965, subdivision (b). The court granted the motion as to costs, but denied it as to attorney fees. Kalivas filed a second notice of appeal, this time from the grant of costs; Barry appealed from the denial of attorney fees.

CONTENTIONS
Kalivas contends that: (1) The trial court abused its discretion by granting a judgment against her based on an excusable procedural error; and (2) the trial court erroneously awarded costs which are disallowed by Code of Civil Procedure section 1033.5.[2] Barry disputes these contentions and argues in its cross-appeal that the trial court abused its discretion in denying Barry's motion for attorney fees.
The parties have limited their briefing to the procedural aspects of this case. We will likewise limit our discussion.

*1158 DISCUSSION

1. Local Rules May Not Conflict With Statutes and Courts Must Comply With Applicable Statutes When Promulgating Local Rules

(1) The trial court directed the parties to comply with its "Order Re Opposed Motion for Summary Adjudication." That order was a "courtroom local rule" which the current version of section 575.1, subdivision (c) defines as "a rule which applies solely to cases in that judge's courtroom." This courtroom local rule, quoted in footnote 1, ante, required the parties to file a joint statement of disputed and undisputed facts, and took the action off calendar until they filed that joint statement.

a. The Courtroom Local Rule Violated the Summary Judgment Statute.

"A local court rule or practice which is inconsistent with a statute enacted by the Legislature is invalid." (Mentzer v. Hardoin (1994) 28 Cal. App.4th 1365, 1372 [34 Cal. Rptr.2d 214]; Gov. Code, § 68070; see also, e.g., Wells Fargo Bank v. Superior Court (1988) 206 Cal. App.3d 918, 923 [254 Cal. Rptr. 68]; Iverson v. Superior Court (1985) 167 Cal. App.3d 544, 548 [213 Cal. Rptr. 399]; St. Vincent Medical Center v. Superior Court (1984) 160 Cal. App.3d 1030, 1034 [206 Cal. Rptr. 840].) The same is true of a courtroom local rule. (2) This courtroom local rule violated section 437c, subdivision (b), which requires the moving party and the responding party to each file a separate statement. This was error.

b. The Court Did Not Comply With Applicable Statutes When It Promulgated the Courtroom Local Rule.

The courtroom local rule was invalid in a second respect: it violated statutes governing the promulgation of local rules. In August and September of 1993, the relevant time period of this case, section 575.1 provided that local rules could be promulgated by the "presiding judge of each superior court ... with the assistance of appropriate committees of the court." Subdivision (a) required submission of proposed rules to judges of the court. Upon approval by a majority of the judges, the rules were published and submitted to the local bar for consideration and recommendation. Subdivision (b) required filing the local rules with the Judicial Council, which provided copies to each county law library or county clerk, where they were available for public examination. The statute also required publication for *1159 general distribution. Subdivision (c) required that such local rules be consistent with law and with the rules adopted by the Judicial Council.[3]
There is no evidence in the record, and the parties provide none, that the judge in the instant case proposed his courtroom local rule to the entire superior court or that the "rule" went through the procedure mandated by section 575.1.
Effective January 1994, section 575.1, subdivision (c) was amended to allow judges of individual courts to adopt "a rule which applies solely to cases in that judge's courtroom." The statute, however, requires the court to "publish these rules as part of the general publication of rules required by the California Rules of Court." In addition, "[i]ndividual judges' rules and branch and district rules are local rules of court for purposes of [section 575.1] and for purposes of the adoption, publication, comment and filing requirements set forth in the Judicial Council rules applicable to local court rules." In other words, courtroom local rules promulgated by individual judges must comply with the requirements of section 575.1, subdivisions (a), (b) and (c).[4]
The courtroom local rule at issue here also violated two sections of the Government Code. Government Code section 68070 provides: "Every court *1160 may make rules for its own government and the government of its officers not inconsistent with law or with the rules adopted and prescribed by the Judicial Council." Government Code section 68071 provides: "No rule adopted by a superior ... court shall take effect until the January 1 or July 1, whichever comes first, following the 30th day after it has been filed with the Judicial Council and the clerk of the court, and made immediately available for public examination."
We conclude that trial judges have no authority to issue courtroom local rules which conflict with any statute and do not comply with promulgation requirements in the Code of Civil Procedure and the Government Code. This courtroom local rule violated section 437c, subdivision (b) and the trial judge did not follow required promulgation procedures. Therefore, the court erred when it relied on this invalid local courtroom rule as a basis for granting summary judgment.

2. The Motion for Reconsideration

a. Denial of the Motion for Reconsideration Was Improper.

Section 1008, subdivision (a) provides that "... any party affected by [an] order may, within 10 days after service upon the party of written notice of entry of the order and based upon new or different facts, circumstances, or law, make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order." (3) To be entitled to reconsideration, a party should show that (1) evidence *1161 of new or different facts exist, and (2) the party has a satisfactory explanation for failing to produce such evidence at an earlier time. (Mink v. Superior Court (1992) 2 Cal. App.4th 1338, 1342 [4 Cal. Rptr.2d 195].)
(4a) Kalivas's showing on the motion for reconsideration satisfies both prongs of the Mink test. The courtroom local rule misled Kalivas's counsel, so that he filed no opposition and separate statement and did not appear at the hearing on the summary judgment motion. Thus the trial court never received Kalivas's evidence or considered her arguments on the merits. This constitutes an adequate showing of new or different facts. The flawed courtroom local rule also provides a satisfactory explanation why Kalivas did not produce evidence at an earlier time. Kalivas's counsel reasonably believed the hearing was canceled. After all, the order recited that "the pending motion(s) is/are ordered off calendar" and bore the judge's signature.[5] Instead of allowing Kalivas the opportunity to correct her excusable procedural omissions, the court granted summary judgment.
(5) An order based upon a curable procedural defect (such as the failure to file a separate statement), which effectively results in a judgment against a party, is an abuse of discretion. (Security Pacific Nat. Bank v. Bradley (1992) 4 Cal. App.4th 89, 94, 97-99 [5 Cal. Rptr.2d 220].) (4b) In Security Pacific Nat. Bank, plaintiff moved for summary judgment and defendant filed opposition, points and authorities, and a separate statement. The trial court denied plaintiff's motion because it was not in the proper form, but allowed plaintiff to refile a second summary judgment motion. This time, however, defendant's opposition failed to include a separate statement. At the second hearing, the trial court pointed out that section 437c, subdivision (b) requires a separate statement and granted the summary judgment motion for defendant's failure to file that document. (Security Pacific Nat. Bank, supra, at pp. 92-93.)
The Court of Appeal reversed, holding that the trial court abused its discretion by failing to give defendant a further opportunity to file a separate responsive statement. "[G]ranting a motion for summary judgment based on a procedural error by the opposing party is equivalent to a sanction terminating the action in favor of the other party. Accordingly, the propriety of the court's order should be judged by the standards applicable to terminating sanctions. [¶] Sanctions which have the effect of granting judgment to the *1162 other party on purely procedural grounds are disfavored. [Citations.] Terminating sanctions have been held to be an abuse of discretion unless the party's violation of the procedural rule was willful [citations] or, if not willful, at least preceded by a history of abuse of pretrial procedures, or a showing less severe sanctions would not produce compliance with the procedural rule. [Citations.]" (Security Pacific Nat. Bank v. Bradley, supra, 4 Cal. App.4th at pp. 97-98, fn. omitted.) "Failure to file a new responsive statement was a curable defect from which the [plaintiff] suffered no prejudice. Nor is there any showing [defendant] had previously violated any pretrial rules or engaged in any dilatory conduct." (Id. at pp. 98-99.)
The same thing could be said of Kalivas's failure to file a separate statement; it was a curable defect, from which Barry suffered no prejudice. Furthermore, there was no showing that Kalivas had previously violated any pretrial rules or engaged in any dilatory conduct.
Barry relies on Blackman v. Burrows (1987) 193 Cal. App.3d 889 [238 Cal. Rptr. 642] to argue that Kalivas should have filed her opposition and separate statement with the motion for reconsideration. In Blackman, the party opposing summary judgment did not file a proper opposition or a separate statement. Noting the absence of a separate statement, the court granted the summary judgment motion, but it did so without prejudice "`to a proper and timely motion for reconsideration....'" (Id. at p. 893, italics omitted.) Even after this notice from the court, the opposing party filed no separate statement with its motion for reconsideration. (Ibid.) In Blackman the "responding party offered no explanation for [not] filing a separate responsive statement after the need for such a statement was specifically called to her attention by the trial court and she was given ample opportunity to file such a statement." (Security Pacific Nat. Bank v. Bradley, supra, 4 Cal. App.4th at pp. 98-99, fn. 6.) Blackman therefore justifiably affirmed the grant of summary judgment.
The trial court in Blackman gave express notice concerning the opportunity to file opposition and a separate statement with the motion for reconsideration and only ruled after the opposing party refused that opportunity. The trial court in this case, by contrast, did not call Kalivas's attention to the need to file those pleadings. Its courtroom local rule, moreover, created a procedural ambiguity that explained why Kalivas did not file a separate statement and opposition. Kalivas deserved an opportunity to cure the defect so as to have the motion adjudicated on its merits. The failure to grant *1163 reconsideration denied Kalivas a fair opportunity to resist the summary judgment motion and was an abuse of discretion.[6]

DISPOSITION
The summary judgment is reversed and the matter is remanded for further proceedings. Upon remand, the trial court is ordered to grant Kalivas's motion for reconsideration, to afford Kalivas the opportunity to file opposition papers to the motion for summary judgment, and thereafter to determine the motion for summary judgment on its merits. Costs on appeal are awarded to Kalivas.
Klein, P.J., and Croskey, J., concurred.
NOTES
[1] The order provided to counsel stated: "[Counsel for] the parties are ordered to meet and confer with each other within ten (10) days of the date of this Order at a time and place to be selected by counsel for the moving party in a good faith attempt to eliminate and narrow the difference between them with respect to the undisputed issues and facts and the disputed issues and facts. [¶] Counsel are ordered to prepare and to sign jointly a single document setting forth: 1) undisputed issues 2) undisputed facts 3) disputed issues and facts and the evidence to support each side of the dispute. It is the intent of this Order that in ruling on any Motion for Summary Adjudication the Court need refer only to the joint statement, and to no other document. [¶] The pending motion(s) is/are ordered off calendar. Counsel for the moving party may then reset the motion(s) for hearing on the basis of the issues as narrowed and reflected in said jointly signed document or in the event of any claimed non-compliance with this Order. Matter may be [re]set for hearing only after the Joint Statement is fully executed by all sides and is ready for filing. A date for the hearing may be obtained by telephoning the law & motion clerk.... Counsel shall then prepare an order to be submitted with the joint statement to reset the matter on calendar and submit same with this Court. Upon return of the conformed order, counsel for the moving party shall give notice of the revised hearing date. [¶] The Court reserves any ruling upon any request for sanctions, fees or expenses, pending compliance with this Order. In the event of non-compliance, and upon the motion of any party, an appropriate order will be made. [¶] It is the hope of this Court, and this Court expects, that each party and counsel, acting in good faith and in accordance with their obligations under the law and to the Court, will forthwith resolve disputes regarding the disputed and undisputed issues and facts for the Court to take further steps prior to a final determination, if then necessary. [¶] Unless notice is waived, counsel for moving party is to give notice of this Order by serving copies of this Order on the other parties." (Underlining in original, italics added.) The order contained a stamped signature of the judge. However, it had no date and did not contain the number or name of the case.
[2] All further references to code sections will be to the Code of Civil Procedure unless otherwise stated.
[3] Section 575.1, as it appeared in August and September of 1993 provided:

"(a) The presiding judge of each superior court may prepare with the assistance of appropriate committees of the court, proposed local rules designed to expedite and facilitate the business of the court. The rules need not be limited to those actions on the civil active list, but may provide for the supervision and judicial management of actions from the date they are filed. Rules prepared pursuant to this section shall be submitted for consideration to the judges of the court and, upon approval by a majority of the judges, the judges shall have the proposed rules published and submitted to the local bar for consideration and recommendations.
"(b) After a majority of the judges have officially adopted the rules, 61 copies shall be filed with the Judicial Council as required by Section 68071 of the Government Code. The Judicial Council shall deposit a copy of each rule and amendment with each county law library or county clerk where it shall be made available for public examination. The local rules shall also be published for general distribution.
"(c) Rules adopted pursuant to this section shall not be inconsistent with law or with the rules adopted and prescribed by the Judicial Council. The clerk of the court may charge a reasonable fee to persons requesting copies of the local rules, to cover the cost of reproduction and distribution."
[4] Section 575.1 provides as follows:

"(a) The presiding judge of each superior, municipal, and justice court may prepare, with the assistance of appropriate committees of the court, proposed local rules designed to expedite and facilitate the business of the court. The rules need not be limited to those actions on the civil active list, but may provide for the supervision and judicial management of actions from the date they are filed. Rules prepared pursuant to this section shall be submitted for consideration to the judges of the court and, upon approval by a majority of the judges, the judges shall have the proposed rules published and submitted to the local bar and others, as specified by the Judicial Council, for consideration and recommendations.
"(b) After a majority of the judges have officially adopted the rules, 61 copies or a greater number as specified by Judicial Council rule, shall be filed with the Judicial Council as required by Section 68071 of the Government Code. The Judicial Council shall deposit a copy of each rule and amendment with each county law library or county clerk where it shall be made available for public examination. The local rules shall also be published for general distribution in accordance with rules adopted by the Judicial Council. Each court shall make its local rules available for inspection and copying in every location of the court that generally accepts filing of papers. The court may impose a reasonable charge for copying the rules and may impose a reasonable page limit on copying. The rules shall be accompanied by a notice indicating where a full set of the rules may be purchased.
"(c) If a judge of a court adopts a rule which applies solely to cases in that judge's courtroom, or a particular branch or district of a court adopts a rule that applies solely to cases in that particular branch or district of a court, the court shall publish these rules as part of the general publication of rules required by the California Rules of Court. The court shall organize the rules so that rules on a common subject, whether individual, branch, district, or courtwide appear sequentially. Individual judges' rules and branch and district rules are local rules of court for purposes of this section and for purposes of the adoption, publication, comment, and filing requirements set forth in the Judicial Council rules applicable to local court rules."
[5] In this regard, we strongly recommend to trial courts that, when using form orders, they make every effort to assure that (1) those orders are dated, signed, and completely filled in; (2) all parties clearly understand whether or not an order has actually been made; and (3) an adequate record exists of any oral explanations given to the parties regarding such form orders.
[6] Our reversal of the summary judgment renders moot the parties' additional arguments respecting attorney fees. The cost award to Barry is reversed because it is no longer the prevailing party.