Filed 5/1/26  Sapir v. Pilot CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| MICHAEL SAPIR, as Trustee, etc., | B343325 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. 23SMCV01292) |
| EDWARD W. PILOT et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Edward B. Moreton, Jr., Judge.  Affirmed.

Law Office of Gary Kurtz and Gary Kurtz for Plaintiff and Appellant.

Hinshaw & Culbertson, Jennifer K. Saunders and Tami Kay Lee for Defendants and Respondents.

————————————————

# INTRODUCTION

Representing himself, Michael Sapir (as trustee of the Ben and Celia Sapir Family Trust) sued his former counsel Edward W. Pilot and his professional corporation (Defendants) for legal malpractice. Sapir failed to serve the summons and complaint, and following an order to show cause hearing regarding failure to prosecute at which Sapir did not appear, the trial court dismissed the case without prejudice. Nearly six months later, Sapir requested the court set aside the dismissal, which the court then did based on Sapir's representations.

After Sapir finally served the complaint and summons, Defendants swiftly filed a motion for reconsideration of the order vacating the dismissal of Sapir's complaint. Defendants' motion included new facts suggesting some of the representations made by Sapir to secure the set aside of the prior dismissal were incomplete and/or false. The court granted Defendants' motion and restored its prior dismissal of Sapir's complaint. Sapir then asked the court to reconsider its grant of Defendants' reconsideration motion, a request the court denied.

Sapir argues the court abused its discretion in granting Defendants' reconsideration motion. He asserts that Defendants did not set forth proper grounds justifying reconsideration, that the policy favoring disposition on the merits precluded the court from granting the motion, that the court unfairly treated his and Defendants' motions for reconsideration differently, and that because Defendants claimed to specially appear via their motion for reconsideration, the court could not grant their motion. We conclude the trial court did not abuse its discretion and affirm.

2

## BACKGROUND

### A.      The Complaint

On March 24, 2023, Sapir, in propria persona, sued Defendants for malpractice using a Judicial Council form complaint.  He asserted that as a result of Defendants' alleged negligence, "an adverse verdict was obtained against [Sapir]," "additional damages . . . accrued" against him, and "the statute of limitations" and "[Sapir]'s opportunity for relief passed."

### B.      The Court Dismisses Sapir's Complaint

#### 1.      *Case Management Conference*

Six months later, Sapir appeared at a September 20, 2023 case management conference (CMC).  He had not yet served the summons and complaint upon Defendants.  At Sapir's request, the court continued the CMC to allow Sapir to retain counsel.  It set an order to show cause (OSC) for January 3, 2024, for failure to file a proof of service along with the CMC.

#### 2.      *January 3, 2024 CMC and OSC*

Neither Sapir nor anyone acting on his behalf appeared at the continued CMC or the OSC on January 3, 2024.  There were no new filings and no one advised the court why there was no appearance.  Finding Sapir had not shown cause why the case should not be dismissed, the court dismissed the complaint without prejudice that same day.

### C.      Sapir's Motion to Vacate Dismissal

#### 1.      *Sapir's Motion and Evidence in Support*

Nearly six months later, on July 1, 2024, Sapir (in propria persona but using pleading paper from attorney Gary Kurtz's office) filed a motion to vacate the dismissal under Code of Civil

3

Procedure section 473, subdivision (b).  Further unspecified statutory references are to the Code of Civil Procedure.

Sapir declared that he attempted to prosecute the matter without counsel due to financial limitations resulting from Defendants' malpractice.  Sapir spoke with attorney Randall Rich prior to filing the lawsuit "and was ready to hire him a few months later.  After several months of Mr. Rich speaking with [Sapir] and indicating he would represent [Sapir], and after serval [*sic*] delays, Mr. Rich finally told [Sapir that Rich] would not represent [him]."  Sapir's declaration did not indicate when this conversation occurred.

Sapir further declared that at the time of the January 3, 2024 hearing, he was in New Mexico and had contracted Covid-19.  He knew he would not be able to attend the January 3, 2024 OSC and understood that "Rich would substitute in as [Sapir's] attorney and attend the hearing."  "At the last minute [Rich] informed [Sapir] that he . . . did not feel comfortable representing [Sapir] against [Defendants]."  Sapir was unable to arrange for someone else to represent him at the hearing.  He asserted he did not know that he could appear remotely.  He called the court at the time of the hearing but could not get through before the case was called and dismissed.  "After the dismissal [he] continued to attempt to secure counsel, and [he was] in serious discussions with a lawyer who may be available on a contingency or hybrid basis.  This effort has taken several months because [he] still cannot hire a lawyer on an hourly fee basis, and there is no certainty of even having a lawsuit to justify a contingency fee arrangement.  Finding an interested lawyer has been a challenge."  Sapir noted, "One condition of representation is that

4

the dismissal has to be vacated, as the statute of limitations prevents the case from being re-filed."

2.      *Hearing and Ruling*

Kurtz substituted in as counsel for Sapir, and on August 20, 2024, submitted on the tentative that granted Sapir's motion.  Defendants did not file an opposition or appear as they had yet to be served with the summons and complaint and were not served with the motion to vacate.

The court granted discretionary relief under section 473, subdivision (b), finding, "[Sapir] reasonably believed he would be represented by counsel, and that counsel would appear at the January 3, 2024 hearing on his behalf. . . .  His mistake, surprise and excusable neglect were reasonable under the circumstances, given counsel's assurances that he would represent [Sapir]."

**D.      Sapir Serves the Defendants with the Complaint**

On September 10, 2024, Defendants were personally served with the summons and complaint.

**E.      Defendants' Motion for Reconsideration**

1.      *The Motion and Supporting Evidence*

On September 20, 2024, Defendants, purportedly by a special appearance, filed a motion for reconsideration of the court's order vacating the dismissal and to quash service of the summons and complaint.

Defendants argued their motion for reconsideration was "based upon the true and different facts."  They claimed Sapir had made "false and misleading representations" in his motion to vacate.  Namely, Rich had represented Sapir in February 2023 through early June 2023, and had ceased representing Sapir long before the January 2024 OSC.

5

Defendants submitted three letters between Rich and Pilot or Pilot's counsel from February and June 2023. Further, Pilot's counsel declared that she spoke with Rich in May and June 2023 and had advised Rich that she represented Pilot. She further declared that after early June 2023, Rich did not respond to her correspondence, and she did not hear from him again.

Defendants argued that when Sapir represented in his July 1, 2024 motion to vacate that he expected Rich to appear on his behalf at the OSC, Rich had already been "long out of the picture." Defendants emphasized that Rich did not provide an affidavit attesting to his purported neglect because he "would not have supported [Sapir's] assertions made in the moving papers." Defendants argued the new evidence they presented to the court demonstrated that Sapir's excuse for his failure to serve the complaint and attend the OSC (on which the court had relied on in granting the motion to vacate) was false.

Defendants also argued Sapir had been aware on January 3, 2024 that the court had dismissed his matter as he had declared that he had called the court clerk on that day. Yet he waited until just two days shy of section 473, subdivision (b)'s six-month outer limit to seek relief from that dismissal. Defendants argued that under the circumstances, this failed to meet the statutory requirement that a party apply for relief "within a reasonable time." (§ 473, subd. (b).) Defendants argued Sapir had known even before the September 2023 CMC that Rich would not represent him, suggesting Sapir had exaggerated his tale of hardship and had been dilatory.

Defendants explained they did not contemporaneously oppose Sapir's motion to vacate the dismissal because they had no notice of the motion. Sapir had not served the motion on

6

them, nor had he served the summons and complaint until after the court had granted Sapir's motion.

### 2. *Sapir's Opposition*

In his opposition, Sapir (represented by Kurtz) argued that specially appearing defendants could not bring a motion to vacate and that Defendants' motion for reconsideration failed to raise new or different facts, law, or circumstances. He further argued the policy favoring a disposition on the merits outweighed the competing policy favoring judicial efficiency. Sapir did not dispute Defendants' arguments or evidence that Sapir had misleadingly suggested he had to restart his attorney search as recently as January 2024, when Rich purportedly gave Sapir only last-minute notice that he would not appear at the OSC.

### 3. *The Court's Ruling and Dismissal Without Prejudice*

On October 15, 2024, the court granted Defendants' motion. The court found that although the Defendants claimed to specially appear in their motion, the nature of their motion constituted a general appearance. The court also found Defendants had "present[ed] different facts, circumstances or law" and provided "a satisfactory explanation for [their] failure to do so [earlier]—Defendants were never served with the motion to vacate . . . ."

In light of the new information presented by Defendants, the court found that Sapir did not bring his motion "within a 'reasonable time' because [Sapir] failed to explain why he waited until two days shy of the six[-]month limit to file his motion to vacate." The court stated, "[G]iven the delay in bringing the motion to vacate and the failure to show diligence, the [c]ourt concludes [Sapir]'s motion to vacate was not made within a

7

reasonable time, and the [c]ourt should, accordingly, have not granted the motion."

The court dismissed Sapir's complaint without prejudice.

## F.     Sapir's Motion for Reconsideration

### 1.     *The Motion and Supporting Evidence*

On October 30, 2024, Sapir moved for reconsideration of the order granting Defendants' motion for reconsideration. Sapir argued the court's October 15, 2024 ruling depended in part on Sapir's lack of explanation for delay. Sapir claimed he previously "did not present the reasons it took so long to file the [m]otion for [r]elief," but now provided an explanation, which constituted new facts.

Sapir argued that he "was unable to afford counsel despite trying. Essentially, the delay was because Mr. Pilot's work financially devastated him to the point [that] he was unable to hire counsel until a chance meeting with current counsel." Sapir also argued that preexisting facts and law could provide the basis for a motion for reconsideration if accompanied by a satisfactory explanation for the failure to present the information earlier.

Sapir submitted a declaration averring that he paid approximately $1 million to resolve a judgment against him and pay attorney's fees to Defendants. His resulting financial difficulties hindered his ability to secure legal counsel. He was able to enlist Rich's assistance in drafting the complaint, "but [he] could never afford to hire him to be [his] attorney." Sapir continued, "As the [c]ourt is aware, I was unable to keep up with my responsibilities to the [c]ourt, which resulted in the dismissal of the lawsuit when illness prevented me from appearing at the hearing." Sapir did not contend that he expected Rich to represent him at the OSC or otherwise address that his new

8

declaration saying he "could never afford to hire Rich" contradicted his prior claim that he expected Rich to appear at the OSC as his lawyer. Sapir also declared that after learning his case was dismissed, he searched for counsel but they all required retainer payments that he could not afford. He eventually obtained assistance from Kurtz. He concluded his financial situation "was the sole reason it took [him] so long to bring a motion for relief from the dismissal."

In support of the motion, Kurtz also submitted an attorney declaration stating that it was a strategic choice to oppose Defendants' reconsideration motion solely on procedural grounds and not to submit additional facts from Sapir to explain the reasons for his delay in filing the motion to vacate. Kurtz later argued that he took the court's finding that "Sapir did not explain the delay" as "an invitation to seek reconsideration with an explanation [for] the delay."

### 2. *The Opposition*

In opposition, Defendants argued Sapir's motion did not identify a change in law or new facts. Sapir had had opportunities to raise the facts contained in his declaration at the time he filed his opposition "and during the extensive oral argument" on Defendants' motion. In fact, defense counsel declared, Sapir had raised some of those arguments before. Defendants argued that section 1008 did not allow a party to reargue what it already had an opportunity to argue.

### 3. *The Court's Ruling*

On December 9, 2024, the trial court denied Sapir's motion for reconsideration. It found the motion was not based on new or different facts, circumstances, or law. That Sapir had insufficient

funds to hire counsel had been known to him, "and there is no explanation provided as to why it was not raised earlier."

### 4. *Appeal*

Sapir timely appealed the court's October 15, 2024 order. The December 9, 2024 order denying reconsideration is not itself appealable (§ 1008, subd. (g)), and Sapir has not appealed it.

## DISCUSSION

## A. General Legal Principles and Standard of Review

### 1. *The Trial Court's Authority to Dismiss for Failure to Prosecute*

A trial court may dismiss a matter if the plaintiff has not served the summons and complaint upon the defendants within 60 days after filing it. (*Tliche v. Van Quathem* (1998) 66 Cal.App.4th 1054, 1063; see Gov. Code, § 68600 et seq. [the Trial Court Delay Reduction Act]; Cal. Rules of Court, rule 3.110(b).) "The management of the trial court's delay reduction program is an area within the court's discretion and will not be disturbed unless it appears that the exercise of that discretion was a clear abuse or a miscarriage of justice." (*Youngworth v. Stark* (1991) 232 Cal.App.3d 395, 401.)

### 2. *Vacating an Order Due to Mistake, Inadvertence, Surprise, or Excusable Negligent*

Under the version of section 473, subdivision (b) that was in effect at the time of the challenged proceedings, "The court may, upon any terms as may be just, relieve a party . . . from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief . . . shall be made within a reasonable time, in no case exceeding six months, after

10

the judgment, dismissal, order, or proceeding was taken." (§ 473, former subd. (b) [effective through Dec. 31, 2025].) The party seeking relief under section 473 must be diligent. (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 258.) " 'A ruling on a motion for discretionary relief under section 473 shall not be disturbed on appeal absent a clear showing of abuse.' " (*Id.* at p. 257.)

### 3. *Motions for Reconsideration*

Section 1008, subdivision (a) states, "When an application for an order has been made to a judge, or to a court, and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by the order may, within 10 days after service upon the party of written notice of entry of the order and based upon new or different facts, circumstances, or law, make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order. The party making the application shall state by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown."

A court lacks jurisdiction to grant a motion for reconsideration under section 1008 that does not set forth new or different facts, circumstances, or law. (*Gilberd v. AC Transit* (1995) 32 Cal.App.4th 1494, 1500; see also § 1008, subd. (e).) "The party seeking reconsideration must provide not just new evidence or different facts, but a satisfactory explanation for the failure to produce it at an earlier time." (*Glade v. Glade* (1995) 38 Cal.App.4th 1441, 1457.)

11

We review a trial court's ruling on a motion for reconsideration for an abuse of discretion. (*Glade v. Glade*, *supra*, 38 Cal.App.4th at p. 1457.)

## B.      Analysis

### 1.      *Defendants' Motion for Reconsideration Was Proper*

Sapir first argues the trial court abused its discretion because Defendants' motion for reconsideration was not based on new or different facts, circumstances, or law. Sapir argues that the court was aware that his motion to vacate had been filed within days of the six-month deadline at the time it granted his motion, and Defendants only presented facts that already existed at the time of the order. This ignores both Defendants' absence from the original proceedings and their presentation of additional facts not before the court at the time of the motion to vacate.

*Kollander Construction, Inc. v. Superior Court* (2002) 98 Cal.App.4th 304, disapproved on other grounds in *Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1107, footnote 5, and *Kalivas v. Barry Controls Corp.* (1996) 49 Cal.App.4th 1152 are instructive.

In *Kollander*, the plaintiff mistakenly dismissed a defendant from the action with prejudice. (*Kollander Construction, Inc. v. Superior Court*, *supra*, 98 Cal.App.4th at p. 308.) The plaintiff filed a motion to set aside the dismissal as a mistake under section 473. (*Kollander*, at p. 308.) The defendant submitted a lengthy sur-reply, on which the court relied in denying the plaintiff's section 473 motion. (*Kollander*, at p. 309.) The plaintiff filed a motion for reconsideration, arguing she had been denied the right to effectively rebut the new arguments and evidence in the sur-reply. (*Ibid.*) The court granted reconsideration, and the defendant appealed. The appellate court affirmed, holding "new circumstances were presented which

12

supported the grant of the motion for reconsideration." (*Id.* at p. 314.) It explained, "Litigants have the right to a full and fair hearing on 'critical pretrial matters.'" (*Ibid.*) The plaintiff had not been given an opportunity to respond to the defendant's new arguments and evidence, and reconsideration was therefore appropriate. (*Ibid.*)

In *Kalivas*, a local courtroom rule conflicted with state law and was, in the words of the appellate court, "procedurally confusing and led [the plaintiff's] counsel to believe the court had taken [the defendant's] summary judgment motion off calendar." (*Kalivas v. Barry Controls Corp.*, *supra*, 49 Cal.App.4th at p. 1154.) The court granted summary judgment in favor of the defendant. (*Id.* at p. 1157.) The plaintiff filed a motion for reconsideration, arguing that her counsel believed the court had taken the motion off calendar pursuant to the local rule. The court disagreed and denied reconsideration. (*Ibid.*)

The appellate court held that the trial court abused its discretion in denying the plaintiff's motion for reconsideration. The motion both presented new or different facts and a satisfactory explanation for not producing the evidence at an earlier time. (*Kalivas v. Barry Controls Corp.*, *supra*, 49 Cal.App.4th at pp. 1160-1161.) The appellate court stated, "The courtroom local rule misled [the plaintiff's] counsel, so that he filed no opposition and separate statement and did not appear at the hearing on the summary judgment motion. Thus the trial court never received [the plaintiff's] evidence or considered her arguments on the merits. This constitutes an adequate showing of new or different facts. The flawed courtroom local rule also provides a satisfactory explanation why [the plaintiff] did not

13

produce evidence at an earlier time. [The plaintiff's] counsel reasonably believed the hearing was canceled." (*Id*. at p. 1161.)

Here, Defendants, through no fault of their own, had no notice that Sapir sought to vacate the dismissal or that he made arguments in support of that motion for which they possessed contrary evidence. Thus, like the plaintiffs in *Kollander* and *Kalivas*, Defendants had no occasion to oppose Sapir's motion or present rebuttal evidence.

The evidence Defendants submitted with their motion for reconsideration (which was not previously before the court) indicated Sapir's declaration had misled the court in suggesting (1) that Sapir reasonably expected that Rich would appear on his behalf at the January 3, 2024 OSC, (2) that Rich deserted Sapir "[a]t the last minute," and, relatedly, (3) that Sapir had been diligent in searching for counsel since the time he knew Rich would not represent him. Defendants' evidence suggested that Sapir knew as early as June 2023 that Rich would not represent him, meaning Sapir had a year's notice prior to bringing his motion to vacate that he needed to identify new counsel—not just the nearly six months between the court's dismissal and the filing of his motion. This evidence therefore cast Sapir's diligence in finding counsel, who would assist in bringing the motion to vacate, in a different light and tended to show that Sapir's motion to vacate was not made within a reasonable time.[1]

---

[1] During oral argument, Sapir argued any inference that the Defendants' evidence influenced the court's finding that he did not bring the motion to vacate within a reasonable time was speculative. "However, it is settled that: 'A judgment or order of the lower court is presumed correct. All intendments and

14

2. *The Policy Favoring a Disposition on the Merits Does Not Support Reversal Here*

Citing *Oliveros v. County of Los Angeles* (2004) 120 Cal.App.4th 1389, Sapir argues that the policy favoring a disposition on the merits "outweighs the competing policy favoring judicial efficiency." That may be true in some cases, but the Legislature and Judicial Council have propounded statutes of limitations or other laws and rules permitting or even mandating that a dilatory plaintiff's case be dismissed. (See, e.g., §§ 583.210, 583.310, 583.420; Gov. Code, § 68600 et seq.; Cal. Rules of Court, rule 3.110(b); Cal. Stds. Jud. Admin., § 2.2(f).) These enactments indicate the policy of deciding cases on the merits must give way under certain circumstances to other considerations.

*Oliveros v. County of Los Angeles*, *supra*, 120 Cal.App.4th 1389 is not to the contrary. In *Oliveros*, a defense counsel who had devoted significant time to the matter twice requested a trial continuance because of other trials, one of which had priority and he reasonably thought would not go forward as scheduled. (*Id.* at pp. 1392-1393.) The court denied the second continuance request, and the trial went forward without any counsel representing the defendant, resulting in a directed verdict in the plaintiff's favor. (*Id.* at p. 1394.) The appellate court reversed, explaining, "the [trial] court must look beyond the limited facts which cause a litigant to request a last-minute continuance and consider the degree of diligence in his or her efforts to bring the

_____

presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, italics omitted.)

15

case to trial." "[T]he worthy goal of disposing of cases expeditiously would not be met by 'imposing the ultimate sanction of termination on diligent litigants who, due to unforeseen circumstances and reasonable excuse, fail to appear when ordered to do so.'" (*Id.* at p. 1396.)

Here, Sapir did not demonstrate diligence or a reasonable excuse for his failures to act. He did not serve his complaint on Defendants until 18 months after he filed it. He asserted a single claim for malpractice against his former counsel, whose address was publicly available. He failed to appear at the January 3, 2024 OSC or advise the court in any manner that he would not be there, and then nearly six months after dismissal, misled the court as to why he did not appear at the OSC.

3. *The Court's Ruling on Sapir's Motion for Reconsideration Does Not Justify Reversal*

Sapir next argues (without citation to any authority) that the court inconsistently treated Defendants' and Sapir's motions for reconsideration and that this "justifies reversal" of the order granting Defendants' motion. He contends that his motion, like Defendants' motion, was based on facts that existed at the time of the original motion but were not presented to the court at that time.

As explained above, Defendants' appearance constituted a different circumstance because they did not have an opportunity to present their own evidence regardless of whether that evidence preexisted Sapir's motion to vacate. This differs from Sapir's motion for reconsideration, which sought to provide information about the purported reasons for his delay that Sapir had an opportunity to present when the court considered Defendants' motion but instead strategically withheld. That is not a valid

16

explanation for purposes of reconsideration. (See *Hennigan v. White* (2011) 199 Cal.App.4th 395, 405-406 [holding the trial court properly denied a motion for reconsideration based on "new" evidence that could have been introduced at the time of the original motion]; *Foothills Townhome Assn. v. Christiansen* (1998) 65 Cal.App.4th 688, 692 [the plaintiff's belief that certain evidence was not necessary at hearing on summary judgment motion insufficient to justify reconsideration], disapproved on another ground in *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68, fn. 5.)

    4.    *The Court Did Not Err in Finding Defendants Made a General Appearance*

Sapir lastly argues that we should reverse the court's order granting reconsideration because a general appearance was necessary to seek such relief and Defendants did not make one. Without any citation to authority, Sapir argues the court "exceeded [its] authority" by deeming Defendants to have made a general appearance. Sapir's argument is without merit.

Defendants did not have the last word on whether their appearance was general or specific; that decision was for the court. " 'The determination of special appearance versus general appearance is based on the "character of the relief sought," not by statements of intention of the party. [Citation.]' [Citation.] ' " 'What is determinative is whether [the] defendant takes a part in the particular action which in some manner recognizes the authority of the court to proceed.' " [Citations.] " '[I]f an appearance is for any purpose other than to question the jurisdiction of the court[,] it is general.' " ' " (*Humphrey v. Bewley* (2021) 69 Cal.App.5th 571, 579-580.) Because Defendants' motion for reconsideration challenged the court's order vacating

dismissal on grounds other than jurisdiction, the court properly deemed Defendants to have made a general appearance.

Sapir suggests reversal is necessary to give him an opportunity to oppose Defendants' motion for reconsideration on the merits. He contends he "relied, in significant part, on the special appearance status" in his opposition and therefore focused on arguing Defendants' motion should be summarily denied as improper. However, Sapir's opposition also acknowledged the truth that in deciding the motion the trial court could deem Defendants to have made a general appearance, meaning the court could proceed to decide the motion on the merits. Thus, Sapir knew of the likelihood that the court would do just that, and despite that risk made a strategic choice not to oppose Defendants' motion on the merits. Further, Sapir cites no authority indicating that a summary denial due to Defendants' representation that they were specially appearing would have been the proper course. Indeed, that the character of the relief sought is controlling suggests the opposite. (See *Humphrey v. Bewley, supra,* 69 Cal.App.5th at pp. 579-580.)

## DISPOSITION

We affirm the court's order granting Defendants' motion for reconsideration and reinstating the court's dismissal of Sapir's complaint.  Defendants are awarded their costs on appeal.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

ROTHSCHILD, P. J.

M. KIM, J.