[No. A054360. First Dist., Div. Five. July 2, 1992.]

THE PEOPLE ex rel. DEPARTMENT OF TRANSPORTATION, Plaintiff and Respondent, v.
AD WAY, INC., Defendant and Appellant.

**COUNSEL**

Scott S. Furstman for Defendant and Appellant

Charles E. Spencer, Jr., Joseph C. Easley and O. J. Solander for Plaintiff and Respondent.

**OPINION**

HANING, J.—Appellant AD WAY, INC. appeals a summary judgment in favor of respondent State of California in respondent's action for removal of an advertising billboard as a public nuisance in violation of the California Outdoor Advertising Act (the Act). (Bus. & Prof. Code, § 5200 et seq.)[1] Appellant contends that no new facts were presented in support of respondent's motion for reconsideration of its summary judgment motion, and that summary judgment was improper because triable issues of material fact exist. We affirm.

FACTS

In 1963 appellant's billboard was erected on a salt pond dike near post mile 2.72 on the south side of State Route 92 in Alameda County, just east of

---

[1] Unless otherwise indicated, all further statutory references are to the Business and Professions Code.

the San Mateo Bridge toll booth. In November 1967 the Act took effect, and in August 1969 appellant received a permit (Permit 21552) from respondent for the billboard as a nonconforming display erected prior to the Act. The permit authorized a billboard at that location with a height of 10 feet and a display panel area of 12 feet by 48 feet.

In early 1972 appellant received a letter from the Department of Public Works (DPW) directing that the billboard be removed because it did not conform to the zoning requirements of the Act. In 1972 or 1973 appellant was advised by respondent that the billboard had been included in the "Hiatus Board" case litigation, the purpose of which was to avoid paying compensation for billboards that had to be removed pursuant to the Act and the 1965 Federal Highway Beautification Act. Although appellant continued to use the billboard, it was not adequately maintained because of the notice to remove and the billboard's inclusion in the Hiatus Board litigation. In 1979 respondent notified appellant that the billboard had been removed from the Hiatus Board litigation and that the permit would be reinstated upon payment of fees, which appellant paid.

In 1981 appellant moved the billboard because of storm damage to its foundation footings, which could no longer support it. The billboard was moved to the nearest adjacent point on the dike where a support system and adequate footings could be installed to meet the Act's wind resistance and safety requirements. (§§ 5401, 5403.) The billboard's new location was closer to State Route 92, its height was increased from 10 to 30 feet, and the height of the display panel was increased from 12 to 14 feet. Fees were tendered and Permit 21552 was reissued in 1981, 1982 and 1983.

In March 1982 appellant was cited for modifying the billboard's original size, thus constituting a "new placing in a nonconforming location." Appellant received written notice of the citation in October 1982. In June 1983 respondent advised appellant that because the billboard had been "removed," Permit 21552 was cancelled. In January 1990 appellant was again cited for failure to obtain a permit before modifying the height of the display panel and moving the billboard to a nonconforming location. In May 1990 appellant reduced the billboard structure and display panel to conform to its original dimensions. No current permit exists for the billboard.

In February 1990 respondent filed a complaint for injunctive and declaratory relief contending that placement of the billboard without a permit violated the Act and constituted a public nuisance, and requesting that appellant be required to remove the billboard or respondent be authorized to do so.

Respondent moved for summary judgment on grounds that the billboard was unlawfully placed and maintained in violation of section 5350 and should be declared a public nuisance. The declaration of Stan Lancaster, chief of respondent's outdoor advertising branch, stated that even if Permit 21552 had not been cancelled, appellant was required to obtain a permit for relocating the billboard and changing its dimensions.

In opposition to the summary judgment motion, appellant contended that Permit 21552 had never been properly cancelled in accordance with the law, and that relocation for safety reasons should not have been considered as grounds for revocation of Permit 21552. In support of its opposition the declaration of James Hill, appellant's president, stated that neither citation had been attached to the billboard as required by section 5463.

The court initially denied the motion on the ground that triable issues of fact existed as to whether Permit 21552 was properly cancelled. Thereafter, respondent moved for reconsideration of the court's denial of the summary judgment motion on the ground that cancellation of the permit was irrelevant and immaterial to its entitlement to summary judgment because even if Permit 21552 had not been cancelled, a new permit was required prior to changing the billboard's location and dimensions. Appellant opposed the motion for reconsideration on the grounds that no new facts were presented in support, and that factual issues existed as to whether appellant was justified in relocating the billboard.

The trial court granted summary judgment in favor of respondent. The billboard was declared a public nuisance and appellant was given 60 days to remove it, after which respondent was authorized to do so.

DISCUSSION

A motion for summary judgment is properly granted if there is no triable issue as to any material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c; *Vanderbilt Growth Fund, Inc.* v. *Superior Court* (1980) 105 Cal.App.3d 628, 633-634 [164 Cal.Rptr. 621].)

I

■ Appellant first contends that respondent's motion for reconsideration should have been denied because it was not based "upon an alleged different state of facts." (Code Civ. Proc., § 1008, subd. (a).) We disagree. The requirements of Code of Civil Procedure section 1008 are not jurisdictional, and the trial court had the inherent power to reconsider its initial ruling.

(*Tutor-Saliba-Perini Joint Venture* v. *Superior Court* (1991) 233 Cal.App.3d 736, 745 [285 Cal.Rptr. 1]; *Magallanes* v. *Superior Court* (1985) 167 Cal.App.3d 878, 882 [213 Cal.Rptr. 547].)

## II

■ Appellant next contends that whether its movement of the billboard for safety reasons or to comply with sections 5401 and 5403 constituted a new "placing" under section 5225, thus requiring a permit, is a triable issue of fact.

Section 5461 provides: "All advertising displays which are placed or which exist in violation of the provisions of this chapter are public nuisances and may be removed by any public employee as further provided in this chapter." ■ It is within the state's police power to declare nonconforming billboards to be public nuisances and to authorize injunctive relief for their removal. (*People* ex rel. *Dept. Pub. Wks.* v. *Adco Advertisers* (1973) 35 Cal.App.3d 507, 511-512 [110 Cal.Rptr. 849].)

Section 5350 provides: "No person shall place any advertising display within the areas affected by the provisions of this chapter in this state without first having secured a written permit from the director or from his authorized agent."

Section 5401 provides: "No advertising *structure* shall be placed *unless* it is built to withstand a wind pressure of 20 pounds per square foot of exposed surface. Any advertising structure not conforming to this section shall be removed as provided in Section 5463."

Section 5403 provides, in relevant part: "No advertising display shall be placed or maintained in any of the following locations or positions or under any of the following conditions or if the advertising structure or sign is of the following nature: [¶] . . . [¶] (d) If not maintained in safe condition."

Section 5225 provides: "The verb, 'to place' and any of its variants, as applied to advertising displays, includes the maintaining and the erecting, constructing, posting, painting, printing, tacking, nailing, gluing, sticking, carving, or otherwise fastening, affixing or making visible any advertising display on or to the ground or any tree, bush, rock, fence, post, wall, building, structure or thing. It does not include any of the foregoing activities when performed incident to the change of an advertising message or *customary maintenance* of the advertising display." (Italics ours.)

"Customary maintenance" is defined as "any activity performed on an advertising display for the purpose of actively maintaining the display in its

existing approved physical configuration and size dimensions *at the specific location approved on the application for State Outdoor Advertising Permit*, or at the specific location officially recorded in the records of [respondent] for a legally placed display, for the duration of its normal life. [¶] (a) Customary maintenance includes the following activities: [¶] (1) The changing of advertising message, including temporary alteration of the outside dimensions of a display in the form of add-ons or cut-outs as incident to a change in copy. [¶] (2) The routine replacement of border and trim. [¶] (b) Customary maintenance does not include the following (all of which acts shall be considered as a 'placing' of a new advertising display): [¶] (1) Raising the height of the display from ground level. [¶] (2) *Relocation of all or any portion of the display.* [¶] . . . [¶] (4) Increasing any dimension of any panel facing except as permitted by Section 2270. . . ." (Cal. Code Regs., tit. 4, § 2270, italics added.)

The plain meaning of California Code of Regulations, title 4, section 2270 is that *any* relocation of a billboard, regardless of the reasons therefor, is not considered customary maintenance and is a "placing." Equally clear is the language of section 5350 which provides that before such placing of a billboard occurs, a permit from respondent must be obtained. Neither statute suggests that relocation of a billboard for safety reasons, to otherwise comply with the Act, or for any other reason creates an exception to the permit requirement.

*People* ex rel. *Dept. Pub. Wks.* v. *Ryan Outdoor Advertising, Inc.* (1974) 39 Cal.App.3d 804, 807-811 [114 Cal.Rptr. 499], reached a similar conclusion. In that case an outdoor advertiser moved two billboards to comply with a DPW directive pursuant to widening of a highway. Thereafter, permits were issued for the billboards as part of DPW's custom and practice of treating involuntary billboard relocations on the same property as customary maintenance rather than new placings. Later, DPW changed its guidelines to regard any movement of existing billboards as a "placing," and the advertiser was cited for placing a billboard in a nonconforming location. The Court of Appeal interpreted section 5225 to mean that movement of billboards, even for a short distance, was a placing rather than merely customary maintenance. It also held that DPW was not estopped from requiring removal of the billboards because it had no authority to issue the permits in the first place. (39 Cal.App.3d at pp. 812-813.)

We conclude there are no factual issues in dispute as to whether movement of the billboard constituted a placing. The evidence is undisputed that appellant relocated the billboard without first obtaining a permit from respondent. Consequently, the issue of whether appellant violated the Act was solely one of law for the trial court.

## III

Finally, appellant contends that Permit 21552 was improperly cancelled because respondent did not comply with the requirements of section 5463. Section 5463 provides that respondent may revoke a permit for failure to comply with the Act, and remove and destroy the subject billboard "after 10 days' written notice posted on such structure or sign and a copy forwarded by mail to the display owner at his last known address." It is undisputed that appellant received written notice of cancellation of the permit in the mail, but no notice was posted on the billboard. However, whether Permit 21552 was properly cancelled is irrelevant to whether appellant's relocation of the billboard without procuring a new permit constituted a violation of the Act.

Appellant also contends that triable issues of fact exist as to whether the original billboard deteriorated due to appellant's reliance on respondent's representations that it would be removed without compensation under the Hiatus Board litigation and, if so, it should not be penalized by cancellation of the permit. Again, cancellation of the original permit is irrelevant to the central issue of whether a new permit was required prior to appellant's relocation of the billboard.

Affirmed.

King, Acting P. J., and Chesney, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied September 23, 1992.

---

*Judge of the San Francisco Superior Court sitting under assignment by the Chairperson of the Judicial Council.