[No. B075401. Second Dist., Div. Seven. Oct. 13, 1993.]

MORITE OF CALIFORNIA et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
KATHRYN GRAYSON et al., Real Parties in Interest.

## Counsel

Argue, Pearson, Harbison & Myers, Stephen F. Harbison and Thomas R. Schalow for Petitioners.

No appearance for Respondent.

Wasserman, Comden & Casselman, Glenn A. Brown, Jr., Wilson, Elser, Moskowitz, Edelman & Dicker, Jonathon Sher and Robert M. Anderson for Real Parties in Interest.

## OPINION

**WOODS (Fred), J.**—Petitioners, Morite of California, a general partnership, Red Robin International, Inc., a corporation, William M. Morrow, Mary Lou Waite, Emerson G. Hess, Earl Soller, Scott Soller, and George Cottom seek writs of certiorari, mandate, prohibition and other appropriate relief[1] to compel respondent, Los Angeles County Superior Court, to vacate its order setting for trial the declaratory relief action of real parties in interest, Kathryn Grayson, Kim Lloyd, Laurie A. Hill, RLI Insurance Company, a corporation, Pacific Indemnity Company, a corporation, Federal Insurance Company, a corporation, United Pacific Insurance Company, a corporation, Reliance Insurance Company, a corporation, and Industrial Indemnity Insurance Company, a corporation, and to compel reinstatement of the prior court order staying trial of the declaratory relief action pending trial of the underlying action. We grant the writ.

### INTRODUCTION AND CONTENTIONS

This petition presents a question of first impression, arising under a statute that became effective January 1, 1993. The new statute is codified as subdivision (e) of Code of Civil Procedure section[2] 1008. It denies trial courts jurisdiction to reconsider, modify, amend or revoke their prior orders, whether final or interim, except pursuant to the procedure set forth in section 1008.

The question presented by this writ proceeding is whether, without following section 1008, Judge Kalin had jurisdiction, on April 8, 1993, to set the declaratory relief action for trial on July 12, 1993, and to adjudicate the question of liability insurance coverage when another judge of respondent court had previously on July 15, 1991, ordered the trial of the declaratory relief action stayed pending disposition of the underlying tort case (which is not set for trial until July *1994*).

---

[1] Petitioners framed their application for relief from this court in the alternative sounding in "certiorari, mandate, prohibition and other appropriate relief." We discern that "mandate" is the essence of the application and review it accordingly.

[2] All statutory references are to the Code of Civil Procedure.

Petitioners contend that the court exceeded its jurisdiction by setting the case for trial, without first reconsidering, and either modifying, amending or revoking its prior order staying the case. Alternatively, petitioners contend that it was an abuse of discretion to ignore the previously entered stay order because the stay order is grounded on controlling precedent directly on point which holds that an insurance coverage case, like this case, is not permitted to proceed to trial until after disposition of the underlying tort case.

Real parties contend that respondent court was merely acting within the discretion afforded by section 128[3] granting trial courts broad discretion over the control of their proceedings. Real parties further contend that the declaratory relief action does not involve factual disputes common to both actions but is properly resolvable summarily as a question of law and therefore properly set for trial despite the prior stay order. Real parties also raise the defenses of laches and lack of an issue of import to justify extraordinary relief.

In view of our holding granting relief on grounds of lack of trial court jurisdiction to proceed in the demonstrated manner we need not and do not address the issues of the purported proscription set forth in *California Ins. Guarantee Assn.* v. *Superior Court (CIGA)* (1991) 231 Cal.App.3d 1617 [283 Cal.Rptr. 104], laches or lack of an important issue upon which to base extraordinary relief.

### FACTUAL AND PROCEDURAL SYNOPSIS

This writ proceeding concerns insurance coverage for petitioners as defendants in a case presently pending in respondent court entitled Kathryn Grayson et al. v. Morite et al. (Super. Ct. L. A. County, No. PC000835) (Grayson or the underlying case). The Grayson case is in part a wrongful termination action, which alleges sexual harassment as the requisite public policy violation. It includes causes of action for negligence, including negligent hiring and negligent supervision, and is pled in ten separate causes of action.

The Grayson case is set for trial in July of 1994.

On July 15, 1991, respondent court, the Honorable Stephen E. O'Neil presiding, granted petitioners' motion and entered an order staying the declaratory relief action pending disposition of the Grayson case.

During the hearing on July 15, 1991, the court stated its finding that the "facts and circumstances" of this case are "almost identical" to the case of *CIGA, supra,* 231 Cal.App.3d 1617.

---

[3]Section 128 provides in pertinent part: "(a) Every court shall have the power to do all of the following: . . . (3) To provide for the orderly conduct of proceedings before it, or its officers."

The stay order entered July 15, 1991, states in pertinent part: "Motion is granted as to stay pursuant to Code of Civil Procedure section 1061, *General of America Ins. Co.* (1968) 258 [Cal.App.2d] 465 [65 Cal.Rptr. 750] and *Allstate Ins. Co. v. Fisher* (1973) 31 [Cal.App.3d] 391 [107 Cal.Rptr. 251]. [¶] . . . [¶] This case is ordered stayed pending resolution of *Grayson* case."

On January 7, 1993, this case was assigned to the Honorable Joseph R. Kalin as a directly calendared matter.

The trial judge's first status conference in this case was held on April 8, 1993. Petitioners and real parties filed form status conference questionnaires prior to the conference.

In a footnote at the bottom of page 2 of its status conference questionnaire, filed on April 1, 1993, real party RLI stated: "Plaintiff [RLI] believes this case can be resolved pursuant to a motion for summary judgment without the need for any discovery. However, plaintiff has not been able to file its motion for summary judgment because of a stay order as to this action issued by Judge Stephen O'Neil on July 15, 1991. Plaintiff submits this stay order should be lifted so that its summary judgment motion may be heard."

On April 6, 1993, petitioners filed a "Declaration of Thomas R. Schalow Re: RLI's Status Conference Questionnaire," objecting to RLI's using a footnote buried in a status conference questionnaire to serve in lieu of a motion for reconsideration. Petitioners cited section 1008, and specifically quoted the jurisdictional limitations imposed by subdivision (e).

At the status conference on April 8, 1993, the trial judge ordered the declaratory relief causes of action (but not the bad faith causes of action) set for trial on July 12, 1993.

The trial judge stated at the status conference on April 8, 1993: "I do not consider this a motion for reconsideration. This matter was set before this court—was assigned to this court under the direct calendaring, and it is now here for management by this court.

"It was set as a status conference from Department 1, and the court is not reconsidering any prior motions. What this court is doing through this status conference is managing its own calendar and seeing that this case is expeditiously tried along with the other 1,013 cases which I received this week.

"This court has plenty of available time to try cases within the next 90 days. Its calendar will become congested beyond that time as I bring those 1,000 cases in for status conferences.

"So this is an excellent window to try a case like this within 90 days, and it's all strictly calendar management."

On April 8, 1993, following the status conference, the trial judge entered an order which stated: "Status conference held.

"The Court sets a Court trial for all declaratory relief actions for July 12, 1993, 9 A.M., Department 55.

"Plaintiff's counsel to give notice."

Petitioners objected both in writing and orally that the court lacked jurisdiction to set this case for trial without formally reconsidering the stay order.

On May 20, 1993, petitioners filed with this appellate court a "Petition for Writ of Certiorari, Mandate, Prohibition or other appropriate Relief" and requested an immediate stay. By order filed on May 24, 1993, this court requested real parties in interest to serve and file opposition to the petition, and we stayed the trials in the superior court pending further order of this court but not the preparatory proceedings. Following the filing of the requested opposition, this court on June 14, 1993, issued its "Order and Alternative Writ of Mandate" and further stayed the trials in the superior court pending further order of this court. No response to the writ by the respondent court has been received by this court. Three of the real parties in interest, RLI Insurance Company, United Pacific Insurance Company and Reliance Insurance Company, filed answers and/or opposition to the petition.

## DISCUSSION

I. *The new amendment is clear that section 1008 applies to interim orders, such as the prior stay order in this instance, and is jurisdictional.*

█ Section 1008 governs motions for reconsideration, by parties or the court itself. It is the exclusive means for modifying, amending or revoking an order. That limitation is expressly jurisdictional. Section 1008 states in pertinent part:

"(a) When an application for an order has been made to a judge, or to a court, and . . . granted . . . any party affected by the order may, within 10 days after service upon the party of written notice of entry of the order and based upon new or different facts, circumstances, or law, make application

to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order. The party making the application shall state by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown.

". . . . . . . . . . . . . . . . . . . . . . . .

"(c) If a court at any time determines that there has been a change of law that warrants it to reconsider a prior order it entered, it may do so on its own motion and enter a different order.

"(d) A violation of this section may be punished as a contempt and with sanctions as allowed by Section 128.5. In addition, an order made contrary to this section may be revoked . . . .

"(e) This section specifies the court's jurisdiction with regard to applications for reconsideration of its orders and renewals of previous motions, and applies to all applications to reconsider any order of a judge or court . . . whether the order deciding the previous matter or motion is interim or final. No application to reconsider any order or for the renewal of a previous motion may be considered by any judge or court unless made according to this section."

Section 1008, subdivision (e), the jurisdictional limitation, was added by an act of the Legislature in 1992. (Stats. 1992, ch. 460, § 4.) The Legislative Counsel's Digest concerning the act amending section 1008 states:

"The Legislature finds and declares the following:

"(a) Since the enactment of Section 1008 of the Code of Civil Procedure, some California courts have found that the section does not apply to interim orders.

"(b) In enacting Section 4 of this act, it is the intent of the Legislature to clarify that no motions to reconsider any order made by a judge or a court, whether that order is interim or final, may be heard unless the motion is filed within 10 days after service of written notice of entry of the order, and unless based on new or different facts, circumstances, or law.

"(c) In enacting Section 4 of this act, it is the further intent of the Legislature to clarify that no renewal of a previous motion, whether the order deciding the previous motion is interim or final, may be heard unless the motion is based on new or different facts, circumstances, or law.

"(d) Inclusion of interim orders within the application of Section 1008 is desirable in order to reduce the number of motions to reconsider and renewals of previous motions heard by judges in this state." (Stats. 1992, ch. 460, § 1.)

Assuming the notation on the status conference questionnaire by real parties filed on April 1, 1993, is liberally construed as a motion for reconsideration of the prior stay order dated July 15, 1991, we find no proof of service in this record indicating that the aggrieved parties (real parties) complied with the 10-day requirement of section 1008, subdivision (a) within which to apply to the court for reconsideration of the July 15, 1991, stay order. Furthermore, no change of law was stated by the trial court in its ruling and none has been brought to our attention that would warrant the respondent court to reconsider its prior stay order on its own motion.

Finally, even if the court could identify some change of law that might warrant reconsideration of the prior stay order on the court's own motion, the court's refusal to recognize that its ruling of April 8, 1993, amounted to an implicit reconsideration of the prior stay order, ultimately deprived petitioners of a meaningful opportunity to argue the provisions of section 1008 and the precedent *CIGA* decision or to present argument that the stay order should not be modified, amended or revoked, expressly or by implication.

II. *Respondent court cannot avoid the jurisdictional limits of section 1008, subdivision (e) by simply ignoring the stay order instead of modifying, amending or revoking it after proper reconsideration.*

Respondent court circumvented the jurisdictional limits of section 1008, subdivision (e) by consciously ignoring the stay order which had been entered by a predecessor judge of the same court. The trial judge stated on the record that he was not reconsidering the stay order. Acting consistent with that statement, the trial judge entered his order of April 8, 1993, which set the declaratory relief action for trial on July 12, 1993. The order does not specifically lift the stay ordered by the predecessor judge but, by implication, has the same affect.

Because section 1008, subdivision (e) is newly enacted, research discloses no cases directly on point. However logic dictates the following argument: if courts may simply ignore interim orders instead of modifying, amending or revoking them after due consideration, then the procedural, substantive and jurisdictional requirements of section 1008 are meaningless. By making section 1008 expressly jurisdictional, the Legislature clearly intended to

prevent courts from modifying, amending or revoking prior orders without due reconsideration. Ignoring (i.e., implicitly revoking) interim orders, such as the prior stay order, undermines the legislative intent behind section 1008, subdivision (e).

By ignoring the predecessor judge's stay order, the trial judge also undermined "the general rule that one trial court judge may not reconsider and overrule an interim ruling of another judge." (*Ziller Electronics Lab. GmbH* v. *Superior Court* (1988) 206 Cal.App.3d 1222, 1232 [254 Cal.Rptr. 410].)

By our ruling, however, we specifically avoid impugning the obvious and laudable motives of the trial judge to move a case toward trial at every opportunity to avoid calendar congestion and backlog.

## DISPOSITION

The alternative writ of mandate filed herein on June 14, 1993, is discharged. Let a peremptory writ of mandate issue commanding respondent superior court to vacate its order of April 8, 1993, in Los Angeles County Superior Court case No. BC014438 setting the matter for trial.

Costs of these proceedings are awarded to petitioners.

Lillie, P. J., and Johnson, J., concurred.