[No. A075927. First Dist., Div. Two. Dec. 9, 1997.]

PATRICK BALDWIN et al., Plaintiffs and Appellants, v.
HOME SAVINGS OF AMERICA et al., Defendants and Respondents.

**COUNSEL**

Patrick Baldwin, Daniel R. Schwarz, Townsend and Townsend and Crew and Daniel J. Furniss for Plaintiffs and Appellants.

Lakin-Spears and Thomas J. Cahill for Defendants and Respondents.

**OPINION**

**KLINE, P. J.**—This appeal is from an order granting reconsideration of and vacating an order awarding appellants attorney fees as the prevailing party in this litigation. The question presented is whether, pursuant to Code of Civil Procedure section 1008, parties applying for reconsideration of a prior order on the basis of "different law" must make the same showing of diligence required of those seeking reconsideration on the basis of "different facts." We hold they must.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

Appellants, Patrick and Penny Baldwin, purchased their residence at 57 Amador Avenue in Atherton in 1988 for $1.2 million. The purchase was financed in part with a $600,000 loan from respondent, Home Savings of America (HSA). In March 1990 appellants refinanced the property, resulting in an new first deed of trust securing a loan in the amount of $870,000.

In May of 1992, HSA sent appellants a notice of foreclosure on the property. Appellants claimed that during June and July of that year negotiations between the parties resulted in an oral agreement, whereby, among other things, in consideration for larger payments to HSA than would otherwise have been required, but not on a monthly basis, HSA would stop the foreclosure process. Apparently disagreeing with this interpretation of the understanding of the parties, and believing it had a right to do so, HSA proceeded with the foreclosure sale originally noticed. The sale took place in March 1993.

Appellants filed their complaint against HSA and others[2] in the San Mateo County Superior Court on February 16, 1994. As amended, the complaint alleges four causes of action against HSA: "wrongful foreclosure" (i.e., breach of the alleged oral agreement not to foreclose), intentional misrepresentation, negligent misrepresentation, and conspiracy. The matter was submitted to the jury on a special verdict form which related only to the first three causes of action, omitting any reference to conspiracy. On May 31, 1996 (all subsequent dates refer to that year), the jury found HSA did not wrongfully foreclose on the property and made no intentional misrepresentation, but concluded there was negligent misrepresentation and awarded plaintiffs compensatory damages of $100,000. Judgment was entered on June 4.

On June 19 appellants moved for attorney fees and other costs. The grounds of the motion were that the underlying deed of trust contained an attorney fee provision in favor of HSA as trustee which was made reciprocal by Civil Code section 1717 (hereafter section 1717), and that, as the "prevailing party," appellants were entitled to an award of fees under that statute. On July 2, six days prior to the hearing on appellants' motion, HSA

---

[1]The bare facts of this dispute, which are not germane to the purely legal issues raised in this appeal, are taken from the complaint, as the record contains no transcript of the trial proceedings.

[2]The other named defendants are Thomas Dallas, Jr., a real estate agent, Fox & Carskadon, a real estate broker, and Serrano Reconveyance Corporation, a corporate subsidiary of HSA.

filed a motion to tax costs, which opposed appellants' motion for attorney fees and other costs. With respect to attorney fees, HSA argued that section 1717 was inapplicable because "[t]here was no cause of action for breach of any provisions of the Deed of Trust." Arguing that "[a] tort action for fraud arising out of a contract is not an action 'on a contract' within the meaning of Civil Code section 1717," and citing *Stout* v. *Turney* (1978) 22 Cal.3d 718, 730 [150 Cal.Rptr. 637, 586 P.2d 1228], HSA maintained that fees were not available under that statute. HSA contended that the only agreement implicated in this case was the oral agreement described in the complaint, which was not alleged to include any attorney fee provisions. According to HSA's trial brief on the issue, "[a] cause of action does not warrant a recovery under Civil Code section 1717 merely because a contract with an attorneys' fees provisions is part of the backdrop of the case."

Evidently unimpressed with these arguments, the trial judge awarded appellants attorney fees in the amount of $110,382. This was apparently done at the hearing on July 8.[3]

On July 23, HSA filed a "Motion for Reconsideration re Attorney Fees pursuant to CCP 1008 and to Vacate the Judgment as it Relates to Attorney Fees Pursuant to CCP 663."[4] On August 12, after a hearing that day, the motion for reconsideration was granted. The court's one sentence order states simply that "Good cause appearing, [¶] It Is ORDERED that the motion for reconsideration be granted and the judgment vacated as to the award of attorney fees in the amount of $110,382.50."

Notice of appeal was timely filed on September 27, 1996. The posttrial order granting reconsideration and vacating a portion of an appealable judgment is itself appealable. (Code Civ. Proc., § 904.1, subd. (a)(1) and (2).)

## II.

### DISCUSSION

■  Appellants' numerous contentions boil down to three claims: first, that the trial court acted in excess of its jurisdiction by granting the motion

---

[3] The order making this award is not a part of the appellate record.

[4] The timeliness of the motion is not clear. Code of Civil Procedure section 1008 provides that an application for reconsideration must be made within "10 days after service upon the party of written notice of entry of the order" sought to be reconsidered. Neither in the trial court nor in this court does appellant claim HSA failed to comply with this requirement. We do not address the issue because, as noted, the order granting attorney fees is not a part of the record and the record does not otherwise show the date upon which HSA received notice of the order.

for reconsideration, since the motion did not meet the prerequisites for relief under Code of Civil Procedure section 1008 (hereafter section 1008); second, that section 1717 authorized an award of attorney fees in this case; and, third, that if section 1717 does not authorize such fees here they can and should be awarded under Code of Civil Procedure section 1021 and Civil Code section 1654.[5] It is unnecessary to address the second and third claims because we find that the first has merit and is dispositive.

Subdivision (a) of section 1008 provides in material part as follows: "(a) When an application for an order has been made to a judge, or to a court, and . . . granted . . . any party affected by the order may, within 10 days after service upon the party of written notice of entry of the order and *based upon new or different facts, circumstances, or law*, make an application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order. The party making the application shall state by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown."

HSA's motion for reconsideration was accompanied by an affidavit of its counsel, Thomas J. Cahill, declaring that *Moallem v. Coldwell Banker Com. Group, Inc.* (1994) 25 Cal.App.4th 1827 [31 Cal.Rptr.2d 253] (*Moallem*), "a case not considered at the initial hearing" provided the "new or different . . . law" that justifies reconsideration. The declaration explains that "[a]t the initial hearing, Home Savings believed the more relevant issue was Plaintiff's tort recovery as opposed to recovery under a contract. The court based its award of attorney fees on reciprocity under Civil Code section 1717. In considering further options following the initial hearing to tax costs, the *Moallem* case was found. Since it appears relevant to the facts of this case, Home Savings requests its consideration at the present time."

*Moallem* clearly does not provide the "new" law that authorizes trial court reconsideration of a prior order, because the opinion issued in 1994 and could therefore have been provided the trial court prior to its initial ruling on the motion for attorney fees. The opinion does, however, present "law," or at least a legal principle, "different" from that originally produced by HSA when it opposed appellants' motion for attorney fees.

As we have explained, HSA originally opposed an award of attorney fees under section 1717 on the ground that appellants prevailed only on their

---

[5]Appellants also argue that HSA's opposition to their motion for attorney fees was not timely, and should not have been received by the court. We do not address this argument because appellants prevailed on their motion for attorney fees, so the asserted lateness of the opposition was obviously not prejudicial.

cause of action for the tort of negligent misrepresentation, which was not based on the contract.[6] This was not the theory that justified the denial of fees in *Moallem*. In *Moallem*, as here, the plaintiff prevailed on a cause of action for negligence (as well as a cause of action for breach of fiduciary duty), but not on its claim for breach of contract. The plaintiff originally sought fees under section 1717 because the attorney fee provision of the brokerage agreement between the parties was not reciprocal. On appeal from the denial of fees, the plaintiff switched to a different theory. He no longer invoked section 1717, the Court of Appeal observed, in recognition of the fact that the terms of that statute allow fees only to " 'the party prevailing on the contract," in an "action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded . . . .' (§ 1717, subd. (a).)" (*Moallem, supra*, 25 Cal.App.4th at p. 1830.) On appeal, the plaintiff instead relied "primarily on a recent series of cases allowing attorney fees for tort claims where a contractual attorney fees provision was phrased broadly enough to cover such noncontractual claims." (*Id.*, at p. 1831, citing *Xuereb* v. *Marcus & Millichap, Inc.* (1992) 3 Cal.App.4th 1338 [5 Cal.Rptr.2d 154]; *Palmer* v. *Shawback* (1993) 17 Cal.App.4th 296 [21 Cal.Rptr.2d 575]; *Lerner* v. *Ward* (1993) 13 Cal.App.4th 155 [16 Cal.Rptr.2d 486]; *3250 Wilshire Blvd. Bldg.* v. *W.R. Grace & Co.* (9th Cir. 1993) 990 F.2d 487.) The *Moallem* court noted, however, that in all of those cases ". . . the contract provisions that the courts enforced also provided for attorney fees to whichever party prevailed, whereas here the provision in question runs only in favor of Coldwell. Moallem thus occupies the difficult position of arguing that the 'public policy' of reciprocity of contractual attorney fee provisions, which section 1717 appears to implement, should control a noncontractual case that is specifically beyond section 1717's ambit." (25 Cal.App.4th at p. 1831.) While sympathetic to the plaintiff's position as a matter of policy, the Court of Appeal felt acceptance of his argument "would overreach our judicial function." (*Ibid.*) This theory of *Moallem*, urged by HSA for the first time in its application for reconsideration, accepts the proposition which HSA's earlier argument disputed: namely, that an attorney fee provision can support an award of fees to a party to the contract who prevails on a tort claim.[7] The new argument allows that such an award can be made, but only if the fee provision is reciprocal, which is not true in this case.

The fact that HSA presented "different law" in support of its motion for reconsideration does not mean the motion fully complied with all applicable

---

[6]As earlier noted, HSA also advanced the subsidiary contention that if this litigation was based on an agreement it was not that represented by the deed of trust, which did have an attorney fee provision, but the oral agreement described in the complaint, which was never claimed to contain an attorney fee clause of any sort.

[7]Assuming, of course, that the tort claim can be said to have arisen from the contract and the attorney provision is sufficiently broad. (See *Xuereb* v. *Marcus & Millichap, Inc., supra*, 3 Cal.App.4th at pp. 1340-1343.)

requirements, however, as there remains the question whether HSA also had to provide a satisfactory explanation for its failure to present this information earlier. No court has heretofore specifically determined whether the diligence requirement applicable to motions to reconsider on the basis of different facts is equally applicable to motions to reconsider on the basis of different law.

Prior to the amendment of section 1008 in 1992 (Stats. 1992, ch. 460, § 4), the statute provided that judicial reconsideration could occur only upon "an alleged different state of *facts*," and made no mention of "new or different . . . circumstances, or law," as proper alternative bases for reconsideration. (Stats. 1978, ch. 631, § 2, p. 2084, italics added.) The phrase "based upon an alleged different state of facts" was first construed in *Blue Mountain Development Co.* v. *Carville* (1982) 132 Cal.App.3d 1005 [183 Cal.Rptr. 594], where the court stated as follows: " ' "Public policy requires that pressure be brought upon litigants to use great care in preparing cases for trial and in ascertaining all the facts. A rule which would permit the re-opening of cases previously decided because of error or ignorance during the progress of the trial would in a large measure vitiate the effects of the rules of res judicata." (Rest., Judgments, § 126, com. a.)' (*Kulchar* v. *Kulchar* (1969) 1 Cal.3d 467, 472 . . . .) When the requirement of section 1008 that the application for reconsideration be upon an 'alleged different state of facts' is viewed in light of this public policy, it is evident that the party seeking reconsideration must provide not only new evidence *but also a satisfactory explanation for the failure to produce that evidence at an earlier time. In short, the moving party's burden is the same as that of a party seeking new trial on the ground of 'newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial.'* (Code Civ. Proc., § 657, subd. 4.)" (*Id.*, at pp. 1012-1013, italics added.) Following the decision in *Blue Mountain Development Co.*, this requirement has been consistently applied. (See, e.g., *Glade* v. *Glade* (1995) 38 Cal.App.4th 1441, 1457 [45 Cal.Rptr.2d 695]; *Mink* v. *Superior Court* (1992) 2 Cal.App.4th 1338, 1342 [4 Cal.Rptr.2d 195]; *Robbins* v. *Los Angeles Unified School Dist.* (1992) 3 Cal.App.4th 313, 317 [4 Cal.Rptr.2d 649]; *Jade K.* v. *Viguri* (1989) 210 Cal.App.3d 1459, 1467 [258 Cal.Rptr. 907].)

It was recently claimed, however, that the diligence requirement established under the *Blue Mountain Development Co.* line of cases was eliminated by the 1992 amendment of section 1008. In *Garcia* v. *Hejmadi* (1997) 58 Cal.App.4th 674 [68 Cal.Rptr.2d 228] (*Hejmadi*), the plaintiff argued "that while section 1008's former call for a ' "different state of facts" ' had been judicially construed as requiring both newly discovered evidence and

an explanation for not producing it earlier [citation], [the] 1992 amendment requiring 'new or different facts, circumstances, or law' (§ 1008, subd. (a)) signaled legislative conformance with certain cases which had construed 'different' as not necessarily requiring 'newly discovered' facts (e.g., *Careau & Co.* v. *Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1386-1387, fn. 9 [272 Cal.Rptr. 387])."[8] (*Hejmadi, supra*, 58 Cal.App.4th at p. 688.) We rejected this claim. In our view, the 1992 amendment of section 1008 "has tightened, not loosened, the requirements of the statute. Cases had held the 'newly discovered' and 'explanation,' or diligence, requirements applicable to final but not interim orders, interim orders being subject to reconsideration under a court's inherent power, independent of section 1008 [citations], and this had led to an emerging view of section 1008 as simply unavailable to challenge a final order, the only recourse being motions for a new trial or to vacate [citations]. Against this backdrop of eroding coverage, the 1992 amendment specified section 1008's application to all orders, final or interim, *and made its provisions exclusive and jurisdictional.*" (58 Cal.App.4th at p. 688, italics added.) We also pointed out in *Hejmadi* that the legislative history of the 1992 amendment to section 1008 shows that the measure was "designed 'to reduce the number of motions to reconsider and renewals of previous motions heard by judges in this state.' " (58 Cal.App.4th at p. 688.) Analyzing the legislative history, we were unwilling to conclude that the 1992 amendment—specifically, introduction of the phrase "new or different"—"dispensed with the court-declared need to show a satisfactory explanation for failing to provide the evidence earlier, which can only be described as a strict requirement of diligence." (*Id.* at p. 690.) Abandoning the diligence requirement, we said, would be a "miserable result" that would "defeat the Legislature's stated goal of reducing the number of reconsideration motions and would remove all incentive for parties to efficiently marshall their evidence." (*Id.* at p. 689, italics omitted.)

So too would that view of the statute remove all incentive for parties to expeditiously marshall the law in support of their case. If counsel need not explain the failure to earlier produce pertinent legal authority that was available, the ability of a party to obtain reconsideration would expand in inverse relationship to the competence of counsel. Without a diligence requirement the number of times a court could be required to reconsider its prior orders would be limited only by the ability of counsel to belatedly conjure a legal theory different from those previously rejected, which is not much of a limitation.

---

[8]Although this argument was implicitly rejected in *Glade* v. *Glade, supra*, 38 Cal.App.4th 1441, 1457, which applies the diligence requirement three years after the amendment, the *Glade* court was not presented with the argument advanced in *Hejmadi*.

The indulgent construction of section 1008 urged by HSA also cannot be squared with the jurisdictional nature of the statute. Prior to the addition of subdivision (e) in 1992, it was held that the requirements of section 1008 were not jurisdictional and did not divest a trial court of its inherent power to reconsider its prior rulings. (See, e.g., *Curtin* v. *Koskey* (1991) 231 Cal.App.3d 873, 876 [282 Cal.Rptr. 706]; *Magallanes* v. *Superior Court* (1985) 167 Cal.App.3d 878, 882 [213 Cal.Rptr. 547].) Since the addition of this language, the prevailing view is that section 1008 now imposes a jurisdictional constraint. As stated in *Morite of California* v. *Superior Court* (1993) 19 Cal.App.4th 485 [23 Cal.Rptr.2d 666], section 1008 "is the exclusive means for modifying, amending or revoking an order. That limitation is expressly jurisdictional." (19 Cal.App.4th at p. 490.) Although one court has, without explanation, taken the position that the present provisions of section 1008 "are not jurisdictional," (*Gailing* v. *Rose, Klein & Marias* (1996) 43 Cal.App.4th 1570, 1579 [51 Cal.Rptr.2d 381]),[9] this court has refused to accept that view, concluding instead "that section 1008 is jurisdictional." (*Gilberd* v. *AC Transit* (1995) 32 Cal.App.4th 1494, 1499 [38 Cal.Rptr.2d 626]; *Hejmadi, supra,* 58 Cal.App.4th 674, 692.) If a trial court has no jurisdiction to reconsider a prior order on the basis of "different facts" in the absence of a satisfactory explanation for the failure to present them earlier, it cannot have jurisdiction to reconsider on the basis of "different law" absent the same showing of diligence, because there is no basis for any distinction either in the statute or in reason. Accordingly, we hold that the diligence requirement applicable to motions to reconsider on the basis of different facts is also applicable to motions to reconsider on the basis of different law.[10]

Absolutely no such showing was made in this case. As earlier described, the affidavit of counsel submitted in support of respondent's motion for reconsideration simply recites that in the process of "considering further options" after the adverse order, "the *Moallem* case was found. Since it

---

[9]The court in *Gailing* merely cites *People* ex rel. *Dept. of Transportation* v. *Ad Way, Inc.* (1992) 8 Cal.App.4th 309, 313 [11 Cal.Rptr.2d 407], which apparently was not construing the amended version of section 1008, and relies on cases decided prior to the 1992 amendment of that statute, i.e., *Tutor-Saliba-Perini Joint Venture* v. *Superior Court* (1991) 233 Cal.App.3d 736, 745 [285 Cal.Rptr. 1] and *Magallanes* v. *Superior Court, supra,* 167 Cal.App.3d 878, 882.

[10]We are not unmindful of the awkward consequences likely to flow from this holding, which will in some instances bar trial judges from correcting rulings belatedly shown to be erroneous. Judicial inefficiencies may also result from the need for an appeal that would not have been required if correction could have been made by a trial court willing to do so. These problems stem not from our holding, however, but by the 1992 amendment to section 1008, which solved one set of problems by possibly creating another. Given the jurisdictional nature of the present statute, these new problems are not amenable to a judicial solution. The answer, if there is one, will have to come from the Legislature.

appears relevant to the facts of this case, Home Savings requests its consideration at the present time." Counsel made no effort whatsoever to explain the failure to previously present the case, then two years old, or the principle for which it stands, as an alternative basis for denial of appellants' motion for attorney fees.

For the foregoing reasons, the August 12, 1996, order vacating that portion of the judgment awarding appellants attorney fees is reversed. Appellants shall be awarded costs on appeal.

Haerle, J., and Ruvolo, J., concurred.