Filed 4/22/22  Kraemer v. DeMartini CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| HOLLY KRAEMER, | |
| Plaintiff and Appellant, | C092052 |
| v. | (Super. Ct. No. CU10076930) |
| JAMES DEMARTINI et al., | |
| Defendants and Respondents. | |

This case concerns use of a roadway that crosses property owned by Holly Kraemer to access parcels owned by the DeMartinis.[1]  After judgment was entered in

---

[1] Because many of the parties share the same last name, we will refer to individuals by their first names for clarity.

Holly's favor, Holly entered into a stipulation (the Stipulation) with Michael, Renate, James, and Ruth DeMartini providing, among other things, that an application to modify the judgment could be filed with the trial court if no appeal was filed. The trial court issued postjudgment orders consistent with the Stipulation. But after Michael and Renate filed a notice of appeal, Holly moved to rescind the Stipulation and to set aside the postjudgment orders. The trial court granted Holly's motion as to Michael and Renate because they had appealed, but denied it as to James and Ruth because they did not appeal.

Holly now contends the appeal by Michael and Renate resulted in a complete failure of consideration for the Stipulation, entitling Holly to rescind her agreement even if James and Ruth did not appeal. Finding no merit in her contention, we will affirm the trial court's order.

BACKGROUND

Holly owned real property located on Prince Rainier Way in Nevada City, Nevada County, referred to as Lot 19. The DeMartini family properties, also on Prince Rainier Way, did not adjoin Lot 19 but the family used a roadway crossing Lot 19 to access Newton Road to and from their properties. The location of the roadway on Lot 19 changed over the years.

Holly filed a complaint for declaratory relief, quiet title and injunctive relief against members of the DeMartini family. Holly sought a declaration that the family had no interest in Lot 19 adverse to Holly's interest. Among other things, Holly sought to permanently enjoin Michael and Renate from using any part of Lot 19 except for purposes of a revocable license.

Holly settled her dispute with some DeMartini family members prior to the trial. Following a court trial, the trial court entered judgment quieting title and issued permanent injunctions against Michael, Renate, James, and Ruth. The judgment said Michael, Renate, James, and Ruth had an irrevocable license in the nature of a

2

nonexclusive easement for ingress and egress on the southerly boundary of Lot 19. Paragraph 8 of the judgment prevented Michael and Renate from making any further claim to Lot 19 adverse to Holly and from entering Lot 19 except to exercise the irrevocable license. Paragraph 9 of the judgment contained similar provisions with regard to James and Ruth.

Over a year and a half later, Holly, Michael, Renate, James, and Ruth entered into the Stipulation. The Stipulation provided as follows: (1) upon issuance of a release of the court-appointed surveyor, the funds on deposit with the court would be returned; (2) if no appeal was filed, application "may" be made for an order modifying the judgment to delete the language that prevented Michael, Renate, James, and Ruth from entering Lot 19 except to exercise the irrevocable license; (3) the parties would not contest such application and waived rights to appeal any order arising from such application; and (4) the trial court would retain jurisdiction to enforce the stipulation.

The trial court subsequently amended the judgment to provide a legal description for the irrevocable license. Holly later filed a motion for postjudgment order. She represented that no timely appeal had been filed from the judgment and amended judgment and the conditions specified in the Stipulation had been met. Accordingly, she asked the trial court to modify the judgment as provided in the Stipulation. Michael and Renate filed a response claiming that a final judgment had not been entered in the case.

Following a hearing, the trial court granted Holly's motion and signed a postjudgment order modifying the judgment pursuant to the Stipulation, with the remainder of the judgment and amended judgment to remain in full force and effect. The trial court issued an amended postjudgment order about a month later, correcting the date of the hearing on Holly's motion. We will refer to these orders as the postjudgment orders.

About two months later, Michael and Renate filed an appeal from the judgment and postjudgment orders in case No. C085887. They subsequently filed a request to dismiss their appeal and the appeal was dismissed.

Holly filed a motion to rescind the Stipulation and revoke the postjudgment orders. She argued that the Stipulation was a settlement contract and the filing of an appeal by Michael and Renate resulted in a total failure of the consideration for Holly's agreement to modify the permanent injunctions, entitling Holly to rescind the Stipulation under Civil Code section 1689, subdivision (b)(2), based on the fault of a party.[2] Michael and Renate opposed the motion. Although he did not file a written opposition, James appeared at the hearing on the motion and argued that the motion should be denied as to James and Ruth because they did not file an appeal.

The trial court granted Holly's motion as to Michael and Renate but denied it as to James and Ruth, concluding that Holly had demonstrated Michael and Renate's fault but had not demonstrated fault by James and Ruth. The trial court denied Holly's motion for reconsideration.

DISCUSSION

Holly contends the filing of an appeal by Michael and Renate resulted in a complete failure of consideration for the Stipulation, even if James and Ruth did not appeal. We disagree.

A stipulation is a contract. (*Cuenca v. Cohen* (2017) 8 Cal.App.5th 200, 222; *Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 632.) We construe stipulations by the usual rules applicable to contracts. (*Cuenca,* at p. 222; *Winograd,* at p. 632.)

---

[2] Undesignated statutory references are to the Civil Code.

In her motion to rescind the Stipulation, Holly cited section 1689, subdivision (b)(2), which authorizes rescission based on the fault of a party. The trial court found that Michael and Renate were at fault, but James and Ruth were not. Based on our review of the record, we have no basis to conclude otherwise.

Holly nevertheless contends Michael and Renate's appeal negated all consideration in the Stipulation. But that is not true. The Stipulation provided for other things, such as a return of the funds on deposit with the court, a promise not to contest an application for modification of the judgment, a waiver of rights to appeal any order arising from such an application, and an agreement that the trial court would retain jurisdiction to enforce the Stipulation. The Stipulation did not require that an application be made to the court; it said an application "may" be made "if" no appeal was filed. Under the circumstances, Holly has not established trial court error.

On appeal, Holly also references section 1689, subdivisions (b)(3) and (b)(4), and section 3424, subdivision (a). She did not raise a section 1689, subdivision (b)(3) or (b)(4) claim in the trial court until she moved for reconsideration of the ruling on her motion to rescind the Stipulation. The trial court denied the motion for reconsideration, ruling that Holly failed to explain why, in the exercise of reasonable diligence, she could not have presented the legal arguments earlier. Holly does not demonstrate that the trial court abused its discretion in so ruling. (See *Wiz Technology, Inc. v. Coopers & Lybrand* (2003) 106 Cal.App.4th 1, 16; *Baldwin v. Home Savings of America* (1997) 59 Cal.App.4th 1192, 1199 [parties should "expeditiously [marshal] the law in support of their case" and in moving for reconsideration "explain the failure to earlier produce pertinent legal authority that was available"].) She also does not clearly articulate trial court error in connection with section 3424. Accordingly, we do not address her arguments asserting sections 3424 and 1689, subdivisions (b)(3) and (b)(4).

5

DISPOSITION

The trial court's order is affirmed.  James and Ruth DeMartini shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)

/S/

MAURO, J.

We concur:

/S/

RAYE, P. J.

/S/

HULL, J.