Filed 9/4/25  Wall v. Pekarovic CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX


| | |
|---|---|
| RICHARD WALL et al.,<br><br>    Plaintiffs and Respondents,<br><br>v.<br><br>JOHN A. PEKAROVIC,<br><br>    Defendant and Appellant. | 2d Civ. No. B339739<br>(Super. Ct. No. 56-2020-00540946-CU-PN-VTA)<br>(Ventura County) |


Appellant John A. Pekarovic appeals from an order denying his motion to vacate a void judgment.  He contends the trial court erred when it construed his motion as one for reconsideration.  We dismiss the appeal for lack of appellate jurisdiction.

FACTS AND PROCEDURAL HISTORY

In March 2020, respondents Richard Wall and Margaret Wall (the Walls) filed a lawsuit against Pekarovic.  The Walls alleged that Pekarovic, a licensed civil and structural engineer, was professionally negligent in his design of a second story to the Walls' residence.

After seven unsuccessful attempts to personally serve Pekarovic, the Walls filed a proof of service indicating Pekarovic was served via substitute service in June 2020, at a residence in Coronado (the Coronado property). The process server stated that service was made upon a " 'John Doe', refused to give full name, friend." Pekarovic did not file a responsive pleading. Default was entered against him in August 2020. In June 2023, the trial court entered judgment by default against Pekarovic in the amount of $200,634.

Over six months later, in February 2024, Pekarovic filed a "motion to set aside default judgment" (Code Civ. Proc.,[1] § 473.5). Pekarovic claimed he did not reside at the Coronado property at the time of service, had not resided at the Coronado property "for over three and a half years," and had sold the Coronado property in April 2021. He became aware of the Walls' lawsuit "because the person residing at [the Coronado property] in June of 2020 forwarded me a copy of the proof of service by mail." Pekarovic asserted substitute service was improper and claimed he lacked actual notice of the lawsuit.

In opposition, the Walls' attorney Mark B. Plummer declared that after several unsuccessful attempts to personally serve Pekarovic, he mailed a copy of the summons, complaint, and accompanying cover letter to Pekarovic at the Coronado property in June 2020. Plummer obtained the address from Pekarovic's licensing details with the Board for Professional Engineers, Land Surveyors, and Geologists. Pekarovic called him thereafter, they discussed the lawsuit, Pekarovic "confirmed his address," and Pekarovic informed Plummer that he had lived in

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise noted.

Dubai for several years.  Pekarovic and Plummer also exchanged an email.  Substitute service was effected one day later, on June 17, 2020.

In March 2024, the trial court denied the motion to set aside default judgment (March 2024 order).  The court found that Pekarovic failed to submit a proposed responsive pleading as required and that he had actual notice of the lawsuit.  On April 25, Pekarovic filed a "motion to vacate void judgment" (§ 473, subd. (d)).  Pekarovic argued that service was not properly effectuated on him, rendering the judgment void.  The trial court characterized the motion to vacate as one for reconsideration of the March 2024 order.  In an order dated May 30, 2024, it denied the motion because Pekarovic failed to meet the requirements of a motion for reconsideration (§ 1008).

## DISCUSSION

Pekarovic contends the trial court erred when it deemed the second motion as a motion for reconsideration and declined to reach the merits.  The Walls contend the trial court properly construed the motion as a motion for reconsideration, and that an order denying a motion for reconsideration is not appealable. (§ 1008, subd. (g).)  We agree.

The "name of a motion is not controlling, and, regardless of the name, a motion asking the trial court to decide the same matter previously ruled on is a motion for reconsideration under . . . section 1008." (*Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1577.)  "The principle that a trial court may consider a motion regardless of the label placed on it by a party is consistent with the court's inherent authority to manage and control its docket.  (Code Civ. Proc., §§ 128, subd. (a)[(3)], 187.)" (*Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th

3

187, 193.) We review the trial court's power to deem a motion one for reconsideration for abuse of discretion. (*California Correctional Peace Officers Assn. v. Virga* (2010) 181 Cal.App.4th 30, 42.)

We conclude there was no abuse of discretion here. Pekarovic contends the second motion could not be construed as one for reconsideration of the first because the first motion relied on section 473.5 and the second relied on section 473, subdivision (d). But section 473, subdivision (d) was not "new" law contemplated by section 1008. It was merely a different legal theory that was available to Pekarovic when he filed his first motion. "If a trial court has no jurisdiction to reconsider a prior order on the basis of 'different facts' in the absence of a satisfactory explanation for the failure to present them earlier, it cannot have jurisdiction to reconsider on the basis of 'different law' absent the same showing of diligence, because there is no basis for any distinction." (*Baldwin v. Home Savings of America* (1997) 59 Cal.App.4th 1192, 1200 (*Baldwin*).) Pekarovic has not explained why he omitted section 473, subdivision (d) from his first motion. Thus, we reject Pekarovic's argument that he was absolved from raising section 473, subdivision (d) in his first motion to set aside the default judgment.

As to the facts in Pekarovic's second motion to vacate, those were no different than those offered in his first motion. Pekarovic contended he was improperly served because he did not reside at the Coronado property and did not maintain an office at that property. But those arguments were made in his first motion. Pekarovic also sought the same relief in both motions—to set aside the judgment and permit him to defend against the action.

4

In our view, the trial court reasonably concluded that the facts and law offered in support of Pekarovic's second motion were known to him at the time of his first motion. "[T]he diligence requirement applicable to motions to reconsider on the basis of different facts is also applicable to motions to reconsider on the basis of different law." (*Baldwin*, *supra*, 59 Cal.App.4th at p. 1200.) Because we conclude the court did not abuse its discretion in construing the second motion as a motion for reconsideration, we turn to whether we have jurisdiction to consider an appeal from an order denying a motion for reconsideration. We conclude we do not.

An order denying a motion for reconsideration is not appealable. (§ 1008, subd. (g).) But "if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order." (*Ibid.*) The underlying order here—the March 2024 order—is appealable. (*Manson, Iver & York v. Black* (2009) 176 Cal.App.4th 36, 42.) But Pekarovic's notice of appeal did not identify the March 2024 order. While we must liberally construe the notice of appeal, "the policy of liberal construction 'does not apply if the notice is *so specific* it cannot be read as reaching a judgment or order not mentioned at all.' " (*In re J.F.* (2019) 39 Cal.App.5th 70, 78, quoting *Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 173.)

Because Pekarovic's notice of appeal "defines the scope of the appeal" (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 967), it cannot be read as reaching the March 2024 order. That notice unambiguously states Pekarovic is only appealing the May 30, 2024, order. Thus, Pekarovic's appeal of the motion for reconsideration is unappealable and must be dismissed.

5

Even if we construed the notice of appeal as encompassing the March 2024 order, the outcome would not change. A trial court's decision to grant or deny relief under section 473.5 is reviewed for abuse of discretion. (*Rios v. Singh* (2021) 65 Cal.App.5th 871, 885.) Here, the trial court did not abuse its discretion in denying Pekarovic's first motion to set aside. Pekarovic failed to include his proposed pleading with his motion to set aside, as required by section 473.5, subdivision (b). And in his own declaration he confirmed he spoke with the Walls' attorney, evidencing his awareness of the lawsuit.

Because Pekarovic failed to appeal the default judgment, the only way he can attack that judgment is to appeal the order denying the first motion to set aside. However, Pekarovic only appealed the order denying his second motion to vacate, which the trial court properly deemed a motion for reconsideration. Because that order is not appealable, we must dismiss the appeal.

DISPOSITION

The appeal is dismissed for lack of jurisdiction. Respondents shall recover costs on appeal.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

GILBERT, P. J.                    YEGAN, J.

6

Randy Rhodes, Judge

Superior Court County of Ventura

_____

Tesser Grossman, Brian M. Grossman and Alec Pierce Schulman for Defendant and Appellant.

Law Offices of Mark B. Plummer and Mark B. Plummer for Plaintiffs and Respondents.